*HUDSON vs, DANGERFIELD & AL.*

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

Nothing in our jurisprudence authorises two executions issuing at the *same time* on one judgment, whatever be the number of persons against whom a joint recovery is had ; and though they reside in different Parishes.

2L  63
47 1237
2L  63
o108 213

Where two executions issue, one after the other, on the same judgment, although to different Parishes, the second is irregular; but nothing ought to prevent the execution of the first one.

If two executions issue simultaneously on the same judgment, and one of them be acted on, the other may be enjoined if attempted to be enforced also.

It is not enough to show mere irregularity to obtain an injunction—*injury* to the applicant, or apprehension of it, *alone* can authorise a resort to this extraordinary remedy for relief.

Relief by injunction is an equitable remedy, and those who seek equity must do equity.

An injunction will not be dissolved, even if ever so irregularly obtained, if it appears from the circumstances of the case, the party by an immediate application would be entitled to a new one.

A judgment was obtained at the fall term 1829 of the District Court of St. Martin by Elizabeth M. Dangerfield, Executrix of H. Dangerfield, and against the heirs of Charles M. Thruston for $1838 78, with interest and costs. There were two heirs Alfred and Edmund Thruston. The petitioner was the wife of Alfred now deceased, and as such became his representative and heir. A *fi fa* was issued against the property of the plaintiff as the heir of Alfred Thruston, on the 12th December 1829, which was returned not executed on the 18th of January following. Two alias *fi fa's* were then taken out—one directed to the Parish of St. Martin and the other to St Mary, but corresponding in form and amount with the one returned. The Sheriff seized several negroes on the one directed to St Mary, belonging to the petitioner. She obtained an injunction on the ground that the execution issued irregularly. 1. Because executions must strictly pursue the judgment, which these do not, by requiring interest when the judgment does not. 2. That

HUDSON
*vs.*
DANGERFIELD
& AL.

no party is entitled to more than *one* execution at the same time.

The answer sets up that a partition of the succession was made between Alfred and Edmund Thruston as the heirs ; and that the share allotted to Edmund remained in the Parish of St. Martin, and the share of Alfred was removed to St. Mary. The judgment being against the heirs of the succession of C. M. Thruston, and the succession having been partitioned and divided between them, it was deemed necessary and proper to issue an execution to each Parish, directing a credit of *one half* the judgment to be endorsed on each execution.

The execution which was levied on the share of the succession allotted to the petitioner's late husband, Alfred Thruston, is the one enjoined. There was judgment perpetuating the injunction on the ground that the execution issued improvidently ; reserving to the defendant Dangerfield, the right of ascertaining by any legal means the extent of the plaintiff's liability under the judgment against Thruston's heirs.

The defendant in the injunction appealed.

*Brownson* for plaintiff in injunction. The execution must follow the judgment, and two executions cannot issue at the same time to different Parishes. The judgment condemned Thruston's heirs jointly, each one for his *virile* portion. It is not a judgment *in solido* which condemns each one for the whole.

2. The attorney for plaintiff in execution cannot order execution against one, representing one branch of the heirs, and at the same time order execution against joint property of the succession in an other Parish. Code of Prac. Art. 625—629.

*Bowen* for defendants and in reply. The execution pursued the body of the judgment. It issued against the heirs representing one half the succession in one Parish ; and those representing the other half in another Parish. That if the

Western District.
September, 1830.

HUDSON
vs.
DANGERFIELD
& AL.

judgment is joint, and the heirs have not claimed a division, the execution may be levied on the mass of the succession in the hands of the heirs. 2 Tidd's Prac. 910—912. 8 John 339. 2, Caines 250. Code of Procedure Civil 208—211.

Where the property of the succession in the hands of the heirs is divided into *two* masses—two executions or a joint judgment may be issued against the whole, and be levied on each half as was done in this case.

*Martin J.* delivered the opinion of the Court.

The petitioner states that the present defendant obtained against the present plaintiff and others a judgment which was afterwards affirmed by the Supreme Court—[See 8 Mar. N. S. 232] on which she took out two [duplicate] executions—one of which was directed to the Sheriff of the Parish of St. Mary ; and the other to the Sheriff of the Parish of St. Martin : that in the former, the Sheriff levied his execution on several slaves of the present plaintiff, which are advertised for sale.

The petition concludes with a prayer for an injunction, on the ground that neither of the executions follow the judgment ; as they direct a levy of interest, of which the judgment does not speak—and on the ground that two executions cannot issue at the same time on one judgment.

The injunction was made perpetual ; but the right was reserved to the plaintiff in the execution; to an alias, after having ascertained the part of the judgment for which the defendant in execution is liable. The former appealed.

The record shows that the executions follow the judgment which allows interest.

The case is that of defendants residing in different Parishes, against whom there is a joint recovery. Duplicate executions were taken, on the back of which, instructions were given to the Sheriffs' respectively to levy the proportion due by the defendants residing in their respective Parishes.

Nothing in our jurisprudence authorises two executions issuing at the same time on one judgment, whatever be the number of persons against whom a joint recovery is had, although they reside in different Parishes.

Where two executions issue, one after the other, on the same judgment

If two executions issue simultaneously on the same judgment, and one of them be acted on, the other may be enjoined if attempted to be enforced also.

It is not enough to show mere irregularity to obtain an injunction —*injury*, to the applicant, or apprehension of it, *alone* can authorise resort to this extraordinary remedy for relief.

Relief by injunction is an equitable remedy, and those who seek equity must do equity.

An injunction will not be dissolved, even if ever so irregularly obtained, if it appears from the circumstances of the case, the party by an immediate application would be entitled to a new one.

This mode of proceeding is certainly more expeditious than correct. Nothing in our jurisprudence authorises two executions issuing at the same time on one judgment, whatever be the number of persons against whom it may have been obtained : although the injury which may result from the mode resorted to, in the present case is not very obvious.

If one of the executions issued after the first—the irregularity is in the second only ; and nothing ought to prevent the execution of the first. If they be issued simultaneously, and one of them, alone, as in the present case, be acted upon, the execution of the second, if attempted may be enjoined : But neither justice or equity forbid proceedings on the other. It is not enough to obtain an injunction to show irregularity—injury to the applicant or apprehension of it, can alone authorise a resort to this extraordinary relief.

We have said we would not dissolve an injunction irregularly obtained, if it appeared from the circumstances of the case, the party on an immediate application must have a new one. Why should you perpetuate an injunction to the execution of a writ of *fi fa* when it is, clear the party thus enjoined has a right to proceed to a new levy by taking out an alias or a pluries.

The apprehension that the second execution might be levied on the applicant's property in St. Martin, might have justified an injunction to the Sheriff of that Parish.

Relief by an injunction is an equitable remedy, and those who seek for equity must do equity themselves.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed ; and that the injunction be dissolved—the defendants paying costs in both Courts.