EASTERN DIS.
*February*, 1833.

REBOUL'S
HEIRS
*vs.*
BEHRENS
ET ALS.

REBOUL'S HEIRS *vs.* BEHRENS ET ALS.

5L  79|
108  217|

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE
THIRD PRESIDING.

The creditor who has sold property, seized under execution, on a twelve months bond, cannot resort to the original judgment, until he has exhausted the property of the principal and surety.

The affidavit for an injunction, must be such as to render the party liable to a conviction for perjury, if the facts sworn to are not true.

It is insufficient for a party praying an injunction, to swear "That the material facts and allegations are true and correct, to the best of his knowledge."

This action was brought to enjoin the defendants from further proceedings, in a suit against the plaintiffs, in which judgment had been obtained against the latter, a writ of *fieri facias* issued, and their property seized.

Louis A. Reboul, the ancester of the plaintiffs, had purchased a tract of land, and had given his mortgage upon it for the payment of the purchase money. After his death, a suit was instituted by his vendor against his widow and heirs, for the balance then due. Judgment having been rendered in favor of the vendor, a writ of *fieri facias* issued, the land was seized and sold to Alexander Reboul, for a sum sufficient to pay the debt, interest and costs, for which, with

EASTERN DIS. the plaintiffs consent, a twelve months bond was given, with
*February,* 1833.
the widow of Louis A. Reboul, as surety.

REBOUL'S
HEIRS
*vs.*
BEHRENS
ET ALS.

An alias writ has since issued, and a tract of land belonging to the plaintiffs in common, has been seized. To stay proceedings against this property, an injunction was obtained.

On motion of the defendants, the injunction was dissolved and the suit dismissed. The plaintiffs appealed.

*Labauve,* for appellants.

1. The judge erred in sustaining the exceptions to the petition and affidavit.

2. The oath for injunction, needs not, and cannot be positive, it is only to give *prima facie* evidence of the facts, in order to authorise the judge to grant the provisional order, until he can hear the parties.

3. Plaintiffs in injunctions, are sometimes bound to aver facts which they cannot swear to positively, in some cases they must aver and swear to a negative. *C. P. art.* 301.

4. Admitting that the exceptions were available, the judge erred in dissolving the injunction, it appearing from the circumstances of the case, that by an immediate application, a new one would issue again. *Martin's Rep.* 3 *N. S.* 480, 4 *ibid.* 499, 2 *La. Rep.* 63.

5. It is clear, that the plaintiffs property was illegally seized on the *fieri facias* issued against the purchaser and surety on the twelve months bond, before the creditor can resort to his original judgment, he must show that the parties to the bond have no more property, it is a condition precedent. *Martin's Rep.* 7 *N. S. p.* 205.

*Lawrence,* for appellees.

MARTIN, J. delivered the opinion of the court.

The plaintiffs and appellants *complain* of the dissolution of the injunction and the dismissal of the suit, on the ground of the insufficiency of the affidavit.

EASTERN DIS.
February, 1833.

REBOUL'S
HEIRS
vs.
BEHRENS
ET ALS.

The affiant swore, "that the material facts and allegations in the said petition, are true and correct, to the best of his knowledge."

His counsel has contended, that the oath for an injunction need not, and cannot be positive, its only object being to give *prima facie* evidence of the facts, in order to obtain a provisional order until the parties be heard. The applicant is sometimes bound to aver facts, which he cannot positively swear to. The negative must sometimes be sworn to; admitting the exception was available, the injunction was erroneously dissolved, as it appeared from the circumstances of the case, that on a new application another cannot immediately issue. 3 *Martin's N. S.* 480, 4th *ed.* 499, 2 *La. Rep.* 63.

The plaintiffs' property was illegally seized on a *fieri facias* against the purchaser and his surety on the twelve months bond; the creditor before he resorts to his original judgment, being bound to show that he has exhausted the property of the principal and sureties on the bond. 7 *Martin's N. S.* 205.

*The creditor who has sold property, seized under execution, on a twelve months bond, cannot resort to the original judgment, until he has exhausted the property of the principal and surety.*

The counsel of the appellees has contended the oath is insufficient, nothing being positive. *Code of Practice* 304, 1 *Martin's N. S.* 329. If the affidavit be set aside, nothing shows the verity of any allegation as the basis of a second injunction. The case shows facts on which the remedy is not by injunction, but opposition to the sale of the property seized. *Code of Practice*, 396 and 97.

In our opinion, the affidavit for an injunction, ought to be such as to submit the party to the penalties of perjury, if the facts sworn to appear to be otherwise. He should swear to avoid these penalties, that the facts stated, as within his knowledge, are true, and those not stated as within his knowledge he believes to be true. This is the case in the Courts of Chancery, or Equity, in the Atlantic states. Whether the loose mode of swearing to the best of one's best knowledge and belief, be a sufficient abbreviation of the proper *formula*, we ought not to say, till a case before us require our decision. It appears to us, that a party who swears to the best of his knowledge, may easily avoid a conviction of perjury, by showing he had so imperfect a knowledge of the facts

*The affidavit for an injunction, must be such as to render the party liable to a conviction for perjury, if the facts sworn to are not true.*

*It is insufficient for a party praying an injunction, to swear "That the material facts and allegations are true and correct, to the best of his knowledge."*

11

sworn to, that he might be very easily mistaken if he swear to what one person told him he heard another person assert. The affidavit is in our opinion insufficient.

We are unable to say how another injunction could have issued regularly, after the dissolution of the first, on account of the sufficiency of the affidavit, until a new and sufficient one was made, which does not appear to have been the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.