Moses M. Woodruff *v.* George E. Payne, Curator.

9r 163
108 212

An affidavit by an agent or attorney-at-law, that the facts and allegations in a petition for an injunction, some of which are professedly known to him only from the information of others, are true to the best of his knowledge, is insufficient. He should have sworn to the best of his knowledge and belief. Act of 20th March, 1839, § 16.

APPEAL from the District Court of Carroll, *Curry,* J.

*Willson,* for the plaintiff.

*Selby,* for the appellant.

BULLARD, J.　This is an injunction sued out by M. M. Woodruff, claiming to be the owner of a certain judgment, rendered originally in favor of Turner & Woodruff, against Felix Bosworth and others, to prevent the sale of it, as still the property of said Turner & Woodruff, in pursuance of a seizure under a *fieri facias,* sued out in the case of *Payne, Curator,* v. *Turner & Woodruff.*

The injunction was granted on the affidavit of an agent and attorney at law, who made oath " that the facts and allegations contained in the foregoing petition are true, to the best of *his knowledge.*"

A motion was made to dissolve the injunction on the ground of the insufficiency of this affidavit; and it has been contended that it is clearly insufficient, especially since the passage of the act of 1839, amendatory of the Code of Practice, which requires that an agent shall swear to the best of his *knowledge and belief.* See B. & C.'s Dig. 157, sect. 16.

In the case of *Reboul's Heirs* v. *Behrens et al,* this court said, in reference to a similar affidavit, that a party who swears to the best of his knowledge may easily avoid a conviction for perjury, by showing that he had so imperfect a knowledge of the facts sworn to, that he might be very easily mistaken if he swore to what one person told him he heard another person assert.　5 La. 79.

In the present case, the facts of the transfer, and of the authority to make it, are professedly known to the affiant only from the information of others, as set forth in his affidavit, and yet he does not swear to his belief of such facts as are not of his own personal knowledge.

We think the affidavit insufficient, and that the motion ought to have prevailed.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and that the injunction granted in this case be dissolved, with five per cent damages, reserving to

the defendant his action against the surety on the injunction bond; and it is ordered that the appellee pay the costs of both courts.