Angèle de Sentmanat vs. Nelvil Soulé.

No. 6627.

LOUISE ANGÈLE DE SENTMANAT, WIFE, &C., VS. NELVIL SOULÉ. WIDOW
JULIEN SEGHERS ET AL., APPELLANTS.

## ON THE MOTION TO DISMISS.

It is beyond the province of this Court, in construing ·Articles 575 and 624, C. P., (formerly
Act of 1843), to strike out of the statute the word "an" and insert in lieu thereof the
word "no," without positive proof of the error, furnished by the original· enrolled bill.

## ON THE MERITS.

When the wife, in a suit against her husband for a separation of property, asserts that
certain property, acquired in her name, during the existence of the Community, was
bought with her paraphernal funds and is her separate property, the presumption of law
is against her and she must rebut it by legal evidence to establish her title.

The declarations of her husband and of herself in notarial acts, that he received various
sums of money for her, and that the purchases made in her name were paid for with her
own funds, are no legal evidence of such facts, so far as third persons are concerned.

When the wife, owning in her own right an undivided half of certain property, buys the
whole of said property at a partition sale, one-half will be yet her separate property, but
the other half will fall into the Community, unless she shows by proper evidence that she
paid for it with her paraphernal funds,

APPEAL from the Fifth District Court for the parish of Orleans.
*Léaumont*, J.

*J. Ad. Rozier* for Plaintiff and Appellee.

*C. E. Schmidt* for Appellants.

## ON THE MOTION TO DISMISS.

The opinion of the Court was delivered by

SPENCER, J. On the 7th March, 1872, plaintiff took a final judgment
by default against her husband, the defendant. The service of the cita-
tion was made on the defendant *in person*. No notice of this judgment
was ever given to the defendant, though it was for an amount from
which an appeal would lie.

On 28th February, 1877, (nearly five years after the date of the
judgment) Widow Seghers and others, alleging injury to themselves as
creditors of Nelvil Soulé, applied for and obtained an order of appeal
from said judgment. Plaintiff moves to dismiss the appeal as coming
too late, and after legal delays had expired.

Art. 575 C. P. declares: "If the appeal have been taken within ten
days, not including Sundays, after the judgment has been notified to the
party cast in the suit, it shall stay execution," etc. So Art. 624 declares
that judgments subject to appeal can only be executed "after ten days,
counting from the notification which must be made to the opposite
party," etc.

39

It is, therefore, clear and indisputable that the delay for appeal runs only from the day the party cast is notified of the judgment against him, or is legally presumed to have notice thereof. If Nelvil Soulé, therefore, was entitled to a notice of the judgment, and is not within that class presumed by law to have that knowledge without formal notice, then, as no notice was ever given him, he could have appealed, and so could his creditors, exercising his rights, on 28th February, 1877.

The plaintiff's counsel argues with much force that where the defendant has been served *personally* with citation, he is not entitled to notice of judgment. The Act of 1843 (p. 40) amending Arts. 575 and 624 of C. P., provides that, "Whenever AN answer has been filed in a suit in which the defendant has had *personal* service made upon him to appear and file his answer, or when a judgment has been rendered in a case after answer filed by the defendant or by his counsel, the party cast in the suit shall be considered duly notified of the judgment by the fact of its being signed by the judge."

Plaintiff insists that that act contains a manifest misprint. That it should read "Whenever *No* answer has been filed" by a defendant who has been *personally cited,* " or when a judgment has been rendered  *  *  * after answer filed by defendant or his counsel," then the party cast is considered to have been duly notified by the fact the judge signing the judgment. Counsel urges that, as printed, the act provides for two cases, which are in fact identical, to wit: 1st, where an answer has been filed;" and, 2d, "when judgment has been rendered after answer filed." To say the least, the first clause is surplusage, for the case there provided for, is clearly embraced in the terms of the second clause, as the greater includes the less.

But be this as it may, it is beyond the province of this Court to strike out of the statute the word "*an*" and insert in lieu thereof the word "*no*," without positive proof of the error, furnished by the original enrolled bill, which was no doubt destroyed with the State House at Baton Rouge, and therefore, not now obtainable.

The charge that the two cases provided for in the statute are in fact and substance but one, would not justify us in the interpolation of one word and the expunging of another, thereby making the statute convey a meaning directly opposite to that which it now conveys. It seems that the Legislature has lately had its attention drawn to this matter; for by Act No. 24 of 1876, p. 50, approved March 2d, it is provided that where defendant has had citation served on him *personally,* no notice of judgment is necessary. Of course that statute cannot have a retroactive effect, and deprive appellants of an appeal taken within twelve months after its passage. By the previous law, the appellants had twelve months from service of notice of judgment within which to ap-

peal. No part of this delay had run when the Act 24 of 1876 was passed, dispensing with notice of judgment in cases where citation is personally served. Prescription of appellants' right of appeal began to run, then, only from date of the Act 24 of 1876, and was not complete when the appeal was taken February 28th, 1877.

The motion to dismiss is therefore overruled.

## On the Merits.

The opinion of the Court was delivered by

Todd, J. The appellants, judgment creditors of Nelvil Soulé, defendant in this case, have appealed from a judgment obtained against him by his wife, the plaintiff in the case, wherein certain property situated in the city of New Orleans, described in the record, was adjudged to be the separate and paraphernal property of the wife.

The appeal is taken by the appellants under the provisions of article 571 of the Code of Practice, who, though no parties to the suit, allege that, as creditors of the husband before judgment, they have been aggrieved by the judgment, and in their petition charge that 'it was rendered by consent and collusion of the parties, and is null and void, and that the property declared by the judgment to belong to the wife, was really the property of the community, and liable for the debts of the same.

They seek by this appeal, which is one of the modes expressly provided by law, to have this judgment annulled. C. P. 608.

The plaintiff in her petition alleges in substance, that since her marriage with her husband she acquired, by inheritance, various sums, amounting in the aggregate to $19,229 34. That this money had been invested by her in the purchase of real estate in the city of New Orleans. Alleging the embarrassed condition of her husband, she prayed for a separation of property, a dissolution of the community of acquets and gains, and a recognition of her title to the property mentioned and fully described in her petition.

The husband was cited, but did not answer, and judgment was rendered· against him by default in accordance with the prayer of the petition.

The judgment was rendered on the following evidence:

1. A notarial acknowledgment of the 3d of August, 1869, of the husband, wherein he declared he had received the several amounts that make up the total sum mentioned of $19,229 34, from various sources stated in the act.

2. A supplemental act to the one above mentioned, passed on the 5th of August, 1869, wherein it was declared that, of the sum above

mentioned received by the husband from the wife, all of it except $1229 34 had been paid to her by the husband, by investments made in the purchase in her name of certain properties described in the act.

3. An act of sale from Mrs. Allain Eustis to the plaintiff, which recited that the property described in the act had belonged to the plaintiff and Mrs. Eustis jointly, and had been sold to effect a partition, and adjudicated to the plaintiff; and the act was entered into to confirm plaintiff's title to the undivided half interest of Mrs. Eustis.

4. Acts of sale to plaintiff of certain property, passed respectively on August 4th and 9th, 1869.

In these sales the plaintiff declared and her husband acknowledged that the property was paid for by the wife out of her separate funds.

5. The embarrassed condition of the husband was shown by competent testimony.

The sole question presented in the case is, whether the evidence recited was sufficient to authorize the judgment rendered—whether it established a title in plaintiff to the property, of which the judgment declared her the owner.

Article 2399 of the Civil Code declares : Every marriage contracted in this State superinduces of right a partnership or community of acquets and gains, if there be no stipulation to the contrary.

Art. 2402: This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment either of right or in fact; of the produce of the reciprocal industry and labor of both husband and wife, and of the estates which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to and not the person who made the purchase."

Art. 2405: At the time of the dissolution of the marriage all effects which husband and wife reciprocally possess are presumed common effects and gains," etc.

From these provisions of law it results that when a wife, in a suit against her husband for a separation of property, asserts that certain property acquired during the existence of the community is her separate property, the presumption is against her, for the time of the acquisition creates the presumption that the property is not hers but belongs to the community. She may rebut this presumption by showing that the funds with which the property was acquired were her separate funds, which never came under the administration of her husband.

The simple declarations of the wife, made in acts of sale with the acquiescence or acknowledgment of the husband, are surely not of

themselves sufficient to overthrow the presumption to the contrary, which the law has so explicitly declared. Yet, such is the character of evidence, and the only evidence that was offered on the trial of the cause to support the title of plaintiff to all the property claimed by her (with the exception hereafter mentioned), save the notarial acknowledgment of the husband of his indebtedness to her, unsworn to, and which was evidently intended only, as appears on the face of the act, to serve, by its record, as evidence of the wife's mortgage.

Article 2427 R. C. C. declares:

·" The wife must petition for the separation of property, and it can only be ordered by a court of justice after hearing all the parties.

"Every voluntary separation of property is null, both as respects third persons and the husband and wife between themselves."

In construing this article, in the case of Jones vs. Morgan, 6 An. 632, this Court said:

"We consider this article as imposing on the judge the duty to require legal evidence of the facts alleged, and not to receive in place of it agreements of parties or their counsel, under which the decree of separation would, in fact, amount to nothing more than a voluntary separation."

We do not consider that the declarations in the acts referred to, that the property was acquired with the wife's funds, relieved her from the burden of proving that fact *aliunde*.

See, also, Huntington, Curator, vs. Widow Legràs, 18 An. 126.

Pearson vs. Ricker, 15 An. 119.

Clark vs. Norwood, 12 An. 508.

Fisher vs. Gordy, 2 An 762.

It has been held that a judgment rendered on the answers of the husband, under oath, on facts and articles, showing his indebtedness to the wife, was an absolute nullity as to all persons except as between the parties, and that this nullity can be urged directly or collaterally by any one who has an interest so to do.

Willis vs. Ward, 30 An. 1284.

We fail to perceive how the extrajudicial admissions of the husband, or his mere unsworn statement, can be considered of more effect than his positive sworn testimony given on the trial of the cause. It falls equally under the legal prohibition against either spouse being permitted to testify for or against each other.

There is, however, one part of the plaintiff's demand that is not obnoxious to the objectionable proof that applies to the rest of her claim, as we intimated above; and that exception relates to the plaintiff's claim to the property at one time held in indivision between her and Mrs. Eustis, and sold to effect a partition.

It seems to be conceded, and we have no doubt of it, that the plaintiff, before the partition sale, owned in her separate right, by inheritance, one undivided half of this property. Her purchase at the sale in question did not divest her of her title to this half, and transfer it to the community. Such is not our interpretation of the law, and though she failed to show that the other half, purporting to have been acquired by her at the sale, was paid for out of her separate means, that fact does not affect or impair her title to the half that was hers before the sale.

As this judgment was rendered by default, and no opposition was made to the wife's claim by any one at the time, the necessity for stricter proof might not, from these circumstances, have been recognized. We shall, therefore, reserve her right to establish her title to the residue of the property claimed by her in the suit. The embarrassed condition of the husband proved, authorized the dissolution of the community and separation of property granted by the judgment.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended, by dismissing plaintiff's demand as to all the property claimed by her in her petition, except the undivided half of the property described in the act of sale passed before Stringer, notary public, on the 28th of March, 1866, her title to which half is recognized, and reserving her right to prosecute her claim to the residue of the property described in her petition against any and all persons in any future proceeding, and that, in all other respects, the judgment of the lower court stand affirmed, the costs of the appeal to be paid by plaintiff and appellee.

Chief Justice BERMUDEZ recuses himself in this case, having been of counsel.

---

### ON APPLICATION FOR REHEARING.

The opinion of the Court was delivered by

LEVY, J. We have given our most serious consideration to the application for a rehearing in this case.

We must adhere to our opinion, that the evidence adduced in behalf of the plaintiff, was insufficient, on which to base the judgment in her favor and the recognition of the property (other than her own half of that held in indivision with Mrs. Eustis) as her separate estate. The reservation of her right to prosecute her claim for the residue of the property, which she claims, in other and proper proceedings, affords her an opportunity of asserting her rights of ownership and all other legal rights, which she may have, and our decree has the practical effect and operation of a nonsuit as far as her claim thereto is asserted in this suit.

The rehearing applied for is refused.