## No. 9642.

### ADATHEA COOLEY VS. BEN. C. COOLEY, HER HUSBAND.

38  195
52  964

A wife cannot be a witness in her suit against her husband for dissolution of the community, separation of property, and the recovery of her moneyed claim against him. The prohibition is not personal to the husband, and cannot be waived by him. It is founded upon public policy and considerations of social order and is peremptory.

The right of a creditor of the husband to appeal from the judgment obtained by the wife against the husband is included in the express grant of the right of appeal to third persons who allege they have been aggrieved by the judgment.

Cooley vs. Cooley.

When the creditor alleges in his petition of appeal that the execution of the judgment has or would deprive him of all means of satisfying his debt, he has specified the manner in and the means by which he will be irretrievably aggrieved, and has shewn sufficient reason for an appeal to be granted him.

APPEAL from the Fifteenth District Court, Parish of Pointe Coupée. *Yoist, J.*

*A. Voorhies* and *James Vignes, Jr.,* for P. G. Gibert, Appellant.

*Sample & Bounnehaut* for Appellee.

The opinion of the Court was delivered by

MANNING, J. This is an appeal by petition of a creditor of the defendant husband from a judgment in favour of the plaintiff, his wife, for separation of property and for a moneyed demand.

Mrs. Cooley alleges her marriage in 1867 and her ownership of lands in Texas and of certain machinery, as set forth in the account thereto annexed—that her husband used the sums of money detailed in the account in his business and has never returned any part thereof—that his affairs are damaged, etc., and prays that the community be dissolved, the property be separated, and that she recover the amount of the account and her mortgage be recognized.

The account annexed is as follows:

ADATHEA COOLEY,

In account with B. C. COOLEY, her husband.

| | |
|---|---:|
| Proceeds of tract of land, September 18, 1879 | $ 700 |
| Cash for rent of above land, 1869 | 250 |
| Cash for rent of above land, 1870 | 250 |
| Cash for rent of above land, 1871 | 250 |
| Cash for rent of above land, 1872 | 200 |
| Cash for rent of above land, 1873 | 200 |
| Cash for rent of above land, 1874 | 250 |
| One lot leather, 1869 | 280 |
| Cash from estate J. Marshall, 1868 | 300 |
| Cash proceeds cotton from same estate, 1868 | 350 |
| One lot machinery, 1870 | 450 |
| | $3,480 |

The answer is a general denial.

The sole testimony is as follows:

Mrs. Cooley, sworn, says: "Account marked A handed, submitted to witness, is said to be correct. Mr. B. C. Cooley has never paid back any part of that money to me. I believe that my husband, B. C. Cooley, is insolvent."

R. Semple and A. Conrad swear to the defendant's insolvency.

A deed of land in Texas, dated September 15, 1879, from B. C. Cooley and his wife to one Robertson for $700, was offered and received in evidence.

There was judgment for the amount of the account and otherwise as prayed, on September 18, 1885; and on October 6, Cooley conveyed all his property to his wife in satisfaction thereof.

In December following, P. G. Gibert, alleging that he is a creditor of the husband and that the judgment and *dation en paiement* deprived him of all means of realizing his claims, petitioned for and obtained an appeal therefrom.

Mrs. Cooley answers the appeal and alleges that Gibert, not being a party to the suit below, has no right to appeal on his *ex parte* affidavit that he is a creditor of the husband—that the appellant does not allege any fraud and has no right to obtain a reversal of the judgment—that he does not allege any ground for appeal except that he is deprived of all means of realizing his debt, which is not sufficient of itself, and that the objection to the wife's testimony is personal to the husband and no other person can avail himself of it.

The appellant urges that the testimony upon which the judgment was rendered is both illegal and insufficient. His objections are well founded.

It is illegal because the wife cannot be a witness for or against her husband except where they are joined as plaintiffs or defendants and have a separate interest. This is a suit by the wife against the husband, and falls squarely within the prohibition. The objection to her testimony is not personal to the husband, the prohibition being founded upon public policy and considerations of social order. Tulley vs. Alexander, 11 Ann. 628.

The testimony is insufficient even if it were legal. The detailed statement of a price received for land and of its rents in the form of an account, and the oath of the wife that "the account is said to be correct," is no proof at all. The deed is from husband and wife, and for aught that appears thereon the land may have been the property of the husband. It is in the common law form and does not even recite that the land is the property of the wife, although that would not be proof of her ownership if it did so recite. Her renunciation appended to the deed may well have been a renunciation of her dower in the land.

The right of third persons, who allege they have been aggrieved by a judgment, to appeal therefrom is expressly given by Art. 571 Code Prac., and they may avail themselves of everything in the record that

affects their rights. Griffing vs. Bowman, 3 Rob. 113. The allegation of the appellant that the judgment and the attempted satisfaction thereof wholly deprives him of all means to realize his debt is but an amplification of the averment that he has been aggrieved by the judgment and a specification of the manner in and the means by which he is aggrieved.

Against such an attack the judgment cannot stand.

It is therefore ordered and decreed that the judgment of the lower court is avoided and reversed, and that the appellant recover of the plaintiff and defendant the costs of this appeal.