*1596 On Motion to Dismiss.
The opinion of the court was delivered by
Watkins, J.
This appeal is prosecuted by a third person who was not originally a party to the suit, but a stockholder of the corporation, and the decree that is appealed from is an interlocutory judgment appointing a receiver of a corporation.
The appellees move to dismiss the appeal on several grounds, viz.:
First — That the return day was fixed by the appellant and same was illegal, because fifteen days interval for citation and answer were not allowed in conformity to the requirements of Act No. 6 of 1896.
Second — That proper parties were not made to the appeal.
Third — That the petition of appeal does not show an appealable interest in the litigation.
Fourth — That the transcript of appeal is deficient and incomplete through the fault of appellant.
Fijth — That no appeal will lie from an order appointing a receiver in a case of this character.
And finally the motion charges that the appellant has acquiesced in the judgment since the rendition thereof.
We find it unnecessary to examine and pass upon any of the grounds stated except the fifth, as that one is necessarily fatal to the appeal.
The record shows that B. M. Harrodand several other persons, alleging themselves to be creditors of the New Orleans Sewerage Company for work done as engineers employed by said company in the planning and construction of its works of sewerage and drainage, and that, notwithstanding amicable demand had been repeatedly made, the sums due them had not been paid, applied to the judge a quo for an order appointing a receiver for said corporation — averring the insolvency of said corporation and its inability to pay its creditors.
This proceeding was based upon a resolution of the board of directors of the corporation which was adopted a few days previously, wherein the statement is made that the affairs of the company are in a very embarrassed condition, making the corporation practically insolvent — large sums of money being due to its creditors which it is unable to pay. And wherein the further statement is made that it is necessary for the protection of its creditors, the prevention of prefer- *1597 •enees, the realization of its assets and the proper application of its assets to the satisfaction of its creditors, that a receiver should be appointed.
On the presentation of the aforesaid petition, accompanied by the resolution of the board of directors, the judge a quo granted the order appointing a receiver.
It has been held by this court that such order is not subject to review on appeal as an interlocutory judgment that may inflict an irreparable injury, but that the remedy is to be sought by rule to set aside and vacate the order of appointment in the court a qua, and an appeal from an unsatisfactory judgment upon the trial of same.
In State ex rel. Brewing Company vs. Judge, 46 An. 100, this court said on this question that the court of the first instance having acted upon the resolution of the board of directors of the company consenting to the appointment of a receiver, a suspensive appeal will not lie from the decree of appointment without proof that the resolution was ultra vires, or that it was, in other respects, illegal and improper.
“That the remedy to correct the alleged illegality in the appointment of a receiver is by rule to set aside and vacate the order of appointment, and if the rule be denied to appeal from the decision.”
That opinion applies esactly to this case, and for the reasons assigned therein the appeal is dismissed.