Bland et als. vs. Edwards.

## No. 13,201.

## MRS. J. J. BLAND ET ALS. VS.. MRS. M. E. EDWARDS.

### SYLLABUS.

1. While the right of appeal is given to third parties not parties to the suit, they, as a condition to sustain their appeal, must allege and show wherein they are aggrieved by the judgment.
2. In matter personal to the defendant, wherever it does not appear that appellant can have a grievance of any kind to complain of, in so far as he is personally concerned, he cannot be heard to set aside the proceedings.

APPEAL from the. Civil District Court, Parish of Orleans. *Rightor, J.*

*Parkerson & Tobin* for Plaintiffs, Appellees.

*Ivy G. Killridge* for Defendant, Apellee.

*W. S. Benedict* for Daniel Edwards, Intervenor, Appellant.

The opinion of the court was delivered by

BREAUX, J. Plaintiffs, daughters of defendant, each duly authorized by her husband, brought this suit against the defendant, praying for a judgment of interdiction. The principal · charge set out in plaintiffs' petition is, that in defendant's mental condition, she is unable to manage her property; that she is entirely under the influence of one of her children who contrives to make her sign any deed he may choose to have signed, and that if this be not in some way stopped she will be left without a house and without means to support the five minor children who have their home with her. The defendant, mother, through counsel, substantially admits the truth of the averments made.

The husband of the defendant died in 1887, leaving a large estate and ten children, the issue of their marriage. Some time ago, but a short time before the filing of plaintiffs' petition, she executed an act of mortgage for the sum of thirty-five thousand dollars. Upon the trial, when questioned, defendant stated, with reference to this mortgage, that she did not know that she was signing an act of mortgage,

Bland et als. vs. Edwards.

or what she was doing, at the time that she signed; that she only complied with her son's request in signing this and other papers. We infer from her testimony that her son's wishes, with reference to her property, are absoultely controlling. The judge of the District Court rendered judgment in May, 1899, decreeing her interdiction. From this judgment, the son, of whose influence over his mother, plaintiffs, his sisters, complain, appealed.

He, the son, as third person in appeal, sets out as ground to set aside the judgment that the petition of interdiction does not aver a proper cause for interdiction; that the judgment was rendered without proper proof, and that none of the forms of the law were observed in matter of the interdiction, and that all this can be made manifest, if this court should issue an order authorizing further evidence than was heard in the District Court to be heard on appeal.

The allegation of appellant is that the matters and things involved in the issues before the court exceed the sum of $50,000, in which his interest exceeds two thousand dollars; that he is his mother's agent, and that he is indebted to her.

Defendant has not appealed, and has not filed the least complaint, since the interdiction has been pronounced. It must be borne in mind that there are rights that are merely personal; that give no right to interference because of a possible moneyed interest of a third person if it be not apparent that the rights of this third person will be prejudiced. The son alone appeals as relates to his asserted personal interest. It is true that a person not a party to the record may appeal by alleging a grievance of a personal nature and making a showing that there is ground for his compplaint. There is nothing of record showing that the son's interest, as relates to the defendant, will be in the least affected. There is no question raised of personal injury inflicted on the defendant by the proceedings. All questions relating to the defendant are entirely eliminated and not in the least to be considered under the issues as now presented. Now, as this son does not appear, as he well might, in proper proceedings, if the grounds justify it, to have the interdiction proceedings in his mother's behalf removed or recalled, but sues only as relates to his personal interest, we do not think that he shows that he has an appealable interest. There is no question of property involved. Whether the proceedings were regular or irregular, his rights must remain the same.

Pecuniarily, he can have no interest, considered from the point of view made manifest by the record. To say the least, this third person, the son, appearing as an appellant, would have to introduce proof to sustain his appeal. Evidence would be required to show that the judgment appealed from is erroneous in that it affects a moneyed interest to which he has a right. To entitle one, who is not a party to the cause, to the right of appeal, he must have a pecuniary interest and he must be aggrieved by the decision rendered. The only issue here is one regarding the son's interest and grievance in that matter. We do not think that it appears sufficiently to afford him the right of appeal. There are rights of the debtor which the creditor can not exercise. He can not, as a creditor exclusively, have removed or reversed a judgment of interdiction, even though the person is sound mentally. Without reference to the amount, the judge had jurisdiction. Constitution, Article 85. Appellant alleges that he has a pecuniary interest, and that he is his mother's agent, proof of neither of which exists in the record; nor does he ask that the case be remanded to enable him to make proof. The Supreme Court can only exercise its jurisdiction in so far as it shall have knowledge of the matters argued or contested at law. *De non apparentibus, et non existentibus, eadem est ratio.*

We might remand the case in order to enable the appellant to prove how his interest will be affected, but he has made no demand to enable him to introduce proof and show his interest. He, it is true, alleges that by proper evidence by leave of this court, under Article 396 C. C., it can be shown that the judgment can be reversed. The article just cited can not be enforced by permitting further evidence to be heard before this court. The Constitution has determined the mode to be followed in bringing up appeals from inferior courts. The law provides that the appeal be heard on the pleadings and documents transmitted from the inferior courts. Evidence, therefore, coming up in any other manner, is not to be heard. The articles of the Code of Practice are plain upon the subject.

This court referred to Article 396 of the Civil Code in one of its decisions (chiefly as indicating the law's solicitude in matter of interdiction), holding that it should be provoked only with the greatest care and after thorough investigation. Upon a careful examination into this question, we feel certain that Article 396 is a dead letter. It was one of the articles of the Code of 1808, and may have

been given effect when courts of appeal had original jurisdiction to a far greater extent than they now have. It was copied in the Code adopted since, although certainly at variance with laws regulating appeals. C. P., 894.

The appeal is, therefore, dismissed *ex proprio motu.*

BLANCHARD, J., concurs in the decree.