ROGERS, J.
 

 The plaintiff, Mrs. Sterling P. Kelly, brought this suit for the purpose of obtaining the interdiction of the defendant, Mrs. Rnth Caperton. The grounds on which the judgment is prayed for are that the defendant, who is about 71 years of age, is subject to an habitual state of insanity and imbecility, and has neither the power nor capacity' to take care of her person or her property. Defendant denied the necessity for her interdiction and the appointment of a curator. She prayed that plaintiff’s demands he rejected, but, in the alternative, should a curator be appointed, that the Commercial National Bank of Shreveport be named for the office and that Val. H. Murrell be selected to have charge of her person.
 

 The suit was filed on October 25, 1928. On November 10, 1928, the district court on its own motion, appointed a commission composed of three medical experts to examine the defendant and report to the court. On November 17, 1928, the commission filed its report. On November 19, 1928, the ease was submitted for judgment. On November 21, 1928, while the case was under advisement, one Mrs. Emma Bradley, alleging that de
 
 *442
 
 fendant had neither ascendants nor descendants, and that she was a niece and the nearest relative living within the jurisdiction of the court, filed her application to be appointed curatrix of the defendant, in the event she should be adjudged an interdict. On November 23, 1928, the defendant, Mrs. Caper-ton, filed an answer to the application of Mrs. Bradley, admitting that the applicant was her niece, but denying that she was a resident of the state. She expressly denied that Mrs. Bradley had any claim for appointment as her curator, and reiterated her former plea that, if a curator should be appointed, the Commercial National Bank, with which she had transacted her business for more than 40 years, be named to take charge of her property and that Val. H. Murrell, cashier of the bank, be named to have charge of her person. On November 28, 1928, the court below rendered a judgment o,f interdiction, and invited each counsel to submit five names for consideration in selecting members of a family meeting to recommend a curator and an under-curator. On December 5, 1928, the' district judge issued his order convoking the family meeting, which was duly held on December 10, 1928. The family meeting recommended that the Commercial National Bank of Shreveport be appointed curator of the interdict’s estate and that Yal. H. Murrell be appointed curator of the person of the interdict and J. G. O’Brian be appointed undercurator. The proceedings of the family meeting were homologated by the court on December 11, 1928, and both curators and the undercurator duly qualified as provided by law. An inventory and appraisement showed the value of the estate of the interdict to be $178,713.20.
 

 On December 18, 1928, Mrs. Emma Bradley, alleging that she was aggrieved by the ruling and judgment of the court in rejecting her application to be appointed curatrix by the effect of the law, applied for an appeal, suspensive and devolutive, to this court. The court below granted a devolutive appeal only, and the case is before us on that appeal.
 

 Appellant makes no question of the correctness of the judgment of interdiction which was rendered in a controversy between other parties. Her complaint is leveled solely against the order of the court below homologating the proceedings of the family meeting and appointing the curators and under-curator to the interdict.
 

 It does not appear that appellant required a hearing and judgment upon her application, which was opposed, to be named the curatrix of the defendant, and the proceedings leading up to the appointment of the curators and undercurator were not had contradictorily with her.
 

 Appellant bases her right to the present appeal upon her claim that as a niece, residing within the state, of the interdict she is her legal curatrix and entitled to be recognized as such in preference to all other persons.
 

 The record discloses that appellant is the niece of the interdict,' but it does not show affirmatively that she is a resident of the state of Louisiana. On the contrary, this fact is expressly denied and set at issue by the pleadings. Therefore, if we are called upon to pass upon the merits of the appeal in the present state of the record, we would be compelled to hold that appellant has failed to establish one of the essential ingredients in her claim to be named the legal curatrix of the interdict and, accordingly, to affirm the judgment. But we do not think we ought to dispose of the case in that manner. So far as the appellant is concerned, the order homologating the proceedings of the family meeting and appointing the curators and undercurator was ex parte. It is therefore not
 
 *444
 
 res judicata against her. • This being the case, appellant'is without any interest to prosecute the present appeal. Sue v. Viola, 2 La. Ann. 986; City of New Orleans v. Dufossat, 46 La Ann. 398, 14 So. 884. If she has any preferential right to the curatorship of the interdict, she can assert that right by a pr'oper proceeding in the court below to rescind or vacate the order appointing the presently qualified and acting curators and undercurator. In such a proceeding the necessary facts can be presented and can be brought up on an appeal from the judgment therein rendered for examination by this court. See Algiers Brewing Co. v. Judge, 46 La. Ann. 100, 14 So. 615; Harrod v. Sewerage Co., 49 La. Ann. 1595, 22 So. 838.
 

 Our conclusion is that the appeal must be dismissed ex proprio motu. Bland v. Edwards, 52 La. Ann. 822, 27 So. 289.
 

 For the reasons assigned, the appeal is dismissed, with full reservation of the right to appellant to assert in a proper proceeding any claim she has or may have to the curatorship of the interdict herein.*