ODOM, Justice.
 

 Pickens Butler sold to the defendant, Leon S. Haas, a tract of land on January 25, 1923, for $5,489.83, of which amount $489.83 was paid in cash; the balance of the purchase price being represented by one promissory note for $5,000 made due one year from the date of sale. To secure the payment of the note, the vendor reserved and the vendee
 
 *268
 
 granted the vendor’s lien and special mortgage on the property sold.
 

 The plaintiff acquired this note in due course. The note was never fully paid, and on December 22,1933, the plaintiff, as holder thereof, brought this suit against the defendant to set the sale aside for the nonpayment of the purchase price. There was judgment in her favor dissolving and rescinding the sale and further ordering that “title, to the said property be and the same is hereby placed in the name and possession of the said natural tutrix for the use and benefit of said minor free from any mortgage, judgment, hypothecation, lien or privilege or encumbrance of any character which might have been placed upon the same since the act of sale aforesaid on January 25, 1933.” This judgment was rendered on February 1, 1934.
 

 The defendant, Leon S. Haas, did not appeal. The appeal was taken by J. E. Buck, trustee, a judgment creditor of defendant, whose judgment, according to the certificate of mortgages made by the recorder, was recorded July 15, 1933, about six months prior to the rendition of the judgment in this case. The judgment creditor, appellant, was never made a party to the suit, nor did he intervene.
 

 On October 13, ,1934, some eight months after the judgment was rendered, he presented a petition to the court setting up the above facts and alleged that the judgment rescinding the said sale “is contrary to the laws of Louisiana,” and that he was aggrieved by said judgment, which recognizes plaintiff as the owner of said property free and clear of petitioner’s judicial mortgage thereon, and “petitioner therefore desires to appeal devolutively, from said judgment to the Honorable, the Supreme Court of Louisiana.”
 

 Mrs. Haas, the plaintiff in whose favor the judgment was rendered, has moved to dismiss the appeal on the grounds, first, that “the appellant was not a party to the suit and inferentially is not bound by the judgment”; and, second, “that appellant’s petition for appeal shows no interest in the subject matter of the suit”; and third, “that the appellant has no right to prosecute an appeal herein under Art. 5'71 of the Code of Practice.”
 

 The first ground for the dismissal has no merit because article 571 of the Code of Practice provides that the right of appeal is given “not only to those who were parties to the cause in which a judgment has been rendered against them, but also to third persons not parties to such suit, when such third persons allege that they have been aggrieved by the judgment.”
 

 The second ground is likewise without merit. Appellant is the owner of a judgment against the defendant in the suit, recorded in the mortgage records on July 15,1933. At the time, Haas, his judgment debtor, defendant in the present suit, owned the real estate here involved. The judgment rendered in this suit on February 1, 1934, by express terms, orders title to the property placed in the name of the plaintiff in the suit “free from any mortgage, judgment, hypothecation, lien or privilege or encumbrance of any character,” so that appellant’s judicial mortgage, in so far as it operated against the property involved, is completely wiped out; the result being that, if the judgment stands, appellant will lose whatever benefits his judicial mortgage against the property may have been to
 
 *270
 
 him. He therefore has a vital interest in the result of the suit between the plaintiff and the defendant.
 

 The third ground for dismissal set up byappellee is disposed of by what we have already said. Appellant has alleged and sufficiently shown that he is aggrieved by the judgment rendered, and, even though not a party to the suit, he had the right of appeal, under article 571, Code of Practice. Raines v. Dunson, 145 La. 525, 82 So. 690; Baratarla Land Co. v. Louisiana Meadows Co., 154 La. 461, 97 So. 658; Taylor v. Allen, 151 La. 82, 91 So. 635.
 

 Counsel for mover cites article 904 of the Code of Practice, which provides that, “a creditor of a party to a suit who has not proved his debt in the lower court', cannot exercise his debtor’s right of appeal.”
 

 This article has no application here. Appellant is not attempting to exercise his debt- or’s right of appeal, but is exercising his own right of appeal under article 571 of the Code.
 

 The motion to dismiss the appeal is overruled.