173 So. 310

**Succession of PENA.**

No. 34171.

March 1, 1937.

Lemle, Moreno & Lemle, of New Orleans, for appellant Dalton J. Barranger.

Brian & Brian, of New Orleans, for appellee.

O'NIELL, Chief Justice.

The succession of Manuel Gutierrez Pena was opened in the civil district court for the parish of Orleans, in January, 1929, when Manuel E. Gutierrez, a son of the deceased, was appointed and qualified as administrator. The other survivors of the deceased were the widow, and a son named Norwin H. Gutierrez, and three daughters. On the 16th day of September, 1936, Manuel E. Gutierrez, administrator, filed his final account, on which he charged Norwin H. Gutierrez with the sum of $15,-000, which the administrator said he had advanced to Norwin H. Gutierrez in cash and securities, and which, the administrator said, exceeded the value of the interest of Norwin H. Gutierrez in the succession.

The administrator, therefore, in his petition to have his account homologated, proposed to leave out Norwin H. Gutierrez, in the distribution of the estate, and to deliver one-half of the estate to his mother as owner, and one-half to her as usufructuary, and to recognize himself and his three sisters to be the owners of the half of the estate subject to the usufruct in favor of their mother. Norwin H. Gutierrez gave his approval of the final account of the administrator, and of the proposed distribution of the estate. Notice of the filing of the account was duly published, and on the 29th day of September, 1936, the account was homologated by a judgment of court. On the next day, the widow and the son, Manuel, and the three daughters, of the deceased, petitioned the judge to render a decree in conformity with the suggestion of the administrator, sending the widow into possession of one-half of the estate as owner and of the other half as usufructuary, and declaring Manuel E. Gutierrez and his three sisters to be the owners of the half of the estate subject to the usufruct in favor of their mother. Norwin H. Gutierrez gave his approval of the petition, and an ex parte judgment was rendered as prayed for, on the same day on which the petition was filed.

Meanwhile, that is, on the 24th day of May, 1934, Dalton J. Barranger obtained a judgment against Norwin H. Gutierrez, on a promissory note, for $10,590.17, plus interest at 6 per cent. per annum from May 1, 1931, and 10 per cent. attorney's fee; and, on the 19th day of September, 1934, Barranger obtained a writ of fieri facias, under which the sheriff seized the right,

title, and interest of Norwin H. Gutierrez in the succession of his father, to satisfy Barranger's judgment. Barranger, therefore, on the 10th day of October, 1936, took a suspensive appeal from the judgment homologating the account of the administrator, and took a suspensive appeal also from the judgment declaring the widow and her son, Manuel, and her three daughters, to be the exclusive owners of the estate of Manuel Gutierrez Pena, and sending them into possession of the estate, to the exclusion of Norwin H. Gutierrez. The widow and her son, Manuel, and her three daughters, have filed a motion to dismiss the appeal, on several grounds, viz.: (1) That Barranger has no interest in the matter that was decided, and hence cannot be aggrieved by either of the judgments appealed from; (2) that Barranger was informed by judicial proceedings more than a year before the judgments appealed from were rendered, and made no denial and tendered no issue as to the truth of the information, that Norwin H. Gutierrez had no interest in the succession of his father; (3) that there is no showing in the record that either of the judgments appealed from is erroneous, as between the parties to the proceeding, or that Barranger is aggrieved by either of the judgments; and (4) that it is obvious from the appellant's petition of appeal that he intends to refer to and rely upon evidence which is not before the court, and which is not admitted to exist.

The appellees, in their briefs, subdivide the first ground for asking for a dismissal of the appeals into two propositions: First, they contend that the record shows that Norwin H. Gutierrez had no interest in the

succession of his father when Barranger's judgment against him was rendered; and, second, they contend that, even if Norwin H. Gutierrez had an interest in the estate, Barranger did not hold Norwin H. Gutierrez's interest in the estate under a valid seizure. The first of these contentions presents an issue which must be determined after a hearing of the appeal on its merits. It would be begging the question for an appellate court to dismiss an appeal, instead of affirming the judgment appealed from, on the ground that the judgment is correct, or is supported by the law and the evidence.

The third and the fourth grounds for the motion to dismiss this appeal are, in effect, repetitions of the proposition that the judgments appealed from are sustained by the evidence in the record, and are therefore correct, as far as Norwin H. Gutierrez is concerned. It does not appear to us that the appellant, Barranger, intends to rely upon evidence not in the record. On the contrary, he contends that the judgments appealed from, which exclude Norwin H. Gutierrez from a share in the estate of his father, are not sustained by the evidence in the record. If that is the case, Barranger is aggrieved by the judgments; hence he has the right to prosecute an appeal from the judgments. The amount of Barranger's judgment against Norwin H. Gutierrez, with the accrued interest and the attorney's fee, at the time when the judgments which Barranger appealed from were rendered, exceeded the sum of $15,-000. Barranger, therefore, is very much concerned with the question whether Manuel E. Gutierrez, administrator, advanced

to Norwin H. Gutierrez $15,000, more than his interest in the succession of his father, before the sheriff levied the seizure upon the interest of Norwin H. Gutierrez.

Article 571 of the Code of Practice declares that the right of appeal is given not only to the parties to the proceeding in which the judgment is rendered, but also to any person, not a party to the proceeding, who is aggrieved by the judgment. In the Succession of Bothick, 110 La. 109, 34 So. 163, 164, it was held that, under article 571 of the Code of Practice, one, Mrs. Hodding, had the right to appeal from two judgments rendered in relation to the settlement and partition of the estate of the deceased, Thomas W. Bothick, because Mrs. Hodding had obtained a judgment against the three sisters and heirs of Bothick's widow, who had inherited an interest in his estate, and because Mrs. Hodding had seized the interest of the three sisters and of the widow of Bothick, in his estate. In overruling a motion to dismiss Mrs. Hodding's appeal from the two judgments rendered in the Succession of Bothick, the court said:

"The present appeal of Mrs. Hodding is not from any decree directly determinative of her rights in the matter of her judgment against the sisters and heirs of Olivia T. Bothick [widow of Thomas W. Bothick], and the seizure made thereunder; but is from decrees relating to the settlement and partition of the succession of Thos. W. Bothick among his heirs, which decrees, if permitted to stand, will disastrously affect the proceedings taken by her to execute the said judgment [against

the three sisters and heirs of the widow of Bothick].

"We, therefore, find she has an interest to appeal—more interest, perhaps, to sustain her appeal than the mover of the motion to dismiss has to resist it, considering that whatever interest the latter has was seized under the judgment of this very appellant."

In Haas v. Haas, 181 La. 265, 159 So. 384, it was held that a third party, J. E. Buck, who held a recorded judgment against the defendant, Haas, had the right to appeal from a judgment rescinding a sale of property to Haas, for nonpayment of the price, in a suit to which Buck was not a party.

■ In support of the proposition that a third party has no right to appeal from a judgment rendered in a proceeding to which he was not a party, unless the record discloses that he has a financial interest to protect by appealing from the judgment, the appellees cite Bland v. Edwards, 52 La.Ann. 822, 27 So. 289; Levert v. Shirley Planting Co., 135 La. 929, 66 So. 301; Barataria Land Co. v. Louisiana Meadows Co., 154 La. 461, 97 So. 658; and Kelly v. Caperton, 168 La. 439, 122 So. 284. None of these decisions, however, is appropriate to the present case. In Bland v. Edwards, for instance, a third person undertook to appeal from a judgment interdicting the defendant; and it was held that the third person could not be aggrieved by the judgment. In Levert v. Shirley Planting Co. it was held that a stockholder of a corporation had not the right, by virtue merely of his being a stockholder, to appeal from an order of seizure sale rendered in executory proceedings against the corporation. In Barataria Land Co. v. Louisiana Meadows Co., it was held that a third party, who was not a party to the suit, had no right to appeal from a judgment fixing the boundary line between the lands belonging to the parties to the suit, in which the appellant was not concerned. In Kelly v. Caperton, it was held that the appellant, Mrs. Bradley, who had not pressed her claim in the district court, had no right to appeal from a judgment appointing another party curator of the defendant, interdict; and that Mrs. Bradley's remedy was to sue to rescind the appointment of the curator, if Mrs. Bradley had, as she claimed, the right to be appointed in preference to the party who was appointed by the order appealed from. None of these decisions goes further than to maintain the rule, which is not disputed, that a person has no right to appeal from a judgment rendered in a proceeding to which he was not a party, unless the judgment, if allowed to stand, would be prejudicial to him.

■ The alternative contention of the appellees, that, if Norwin H. Gutierrez had any right, title, or interest in the succession of his father when Barranger levied his seizure, Barranger did not hold such right, title, or interest under a valid seizure at the time when the judgments appealed from were rendered, is based upon two grounds, viz., first, that four writs of fieri facias were issued on Barranger's judgment against Norwin H. Gutierrez; and, second, that Barranger neglected to have the sheriff proceed to sell the supposed in-

terest of Norwin H. Gutierrez in the succession of his father.

In considering the question whether there was a valid seizure of whatever right, title, or interest Norwin H. Gutierrez had in the succession of his father, at the time when the judgments which Barranger has appealed from were rendered, we are not conceding or deciding that a seizure under Barranger's judgment against Norwin H. Gutierrez was a prerequisite to Barranger's right to appeal from the judgments· which excluded Norwin H. Barranger from a share in the succession of his father. Decisions are cited to support the proposition that any creditor of a party against whom a judgment has been rendered, in a proceeding to which the creditor was not a party, may appeal from the judgment, on showing that the judgment is prejudicial to him. For example, in Angele De Sentmanat v. Nelvil Soule, 33 La.Ann. 609, 611, and again in Cooley v. Cooley, 38 La.Ann. 195, it was held that a creditor of the defendant had the right to appeal from a judgment rendered against him and in favor of his wife, granting her a separation of property, and a money judgment, or judgment declaring certain property to be her separate property. In Cooley v. Cooley it was said:

"The right of third persons, who allege they have been aggrieved by a judgment, to appeal therefrom is expressly given by Art. 571 Code Prac., and they may avail themselves of everything in the record that affects their rights."

Cooley v. Cooley· was cited with approval in the Succession of Allen, 43 La. Ann. 1071, 1073, 10 So. 304, and in the Succession of Barber, 52 La.Ann. 960, 964, 27 So. 363. In the Succession of Allen it was held that if the appellee denied that the third party appealing was a creditor, or an heir, as the case might be, the case would have to, be remanded for proof of the appellant's allegation that he was a creditor, or an heir, as the case might be. There is no denial in the present case that the appellant, Barranger, is a creditor of Norwin H. Gutierrez, or denial that Barranger has a judgment recorded against Gutierrez. In Payne v. Ferguson, Curator, 23 La.Ann. 581, it was held that the allegation of the appellant, appealing from a judgment ordering a sale of the property of a succession, in a proceeding to which the appellant was not a party, that he was a judgment creditor of the succession, with a certified copy of the judgment annexed to the petition for an appeal, was a sufficient showing to give him the right to appeal from the judgment ordering a. sale of the succession property.

Pretermitting the question whether a valid seizure on the part of Barranger, of the right, title, or interest of Norwin H. Gutierrez in his father's succession, was a prerequisite to Barranger's right to appeal from the judgments which excluded Gutierrez from a share in the succession, our opinion is that Barranger had such a seizure in force at the time when the judgments against Gutierrez were rendered. It is true that four writs of fieri facias were issued in Barranger's attempt to execute his judgment against Gutierrez; but it does not appear that the multiplicity of the writs affected in any way

the validity of the one under which the sheriff seized the right, title, and interest of Norwin H. Gutierrez in the succession of his father, or affected the validity of the seizure. Under the first writ that was issued, the sheriff seized and sold sixty shares of capital stock standing in the name of Norwin H. Gutierrez, on the books of a private corporation, but the amount realized from the sale of the stock was only $30, which was scarcely enough to pay the costs; hence the writ was returned "not satisfied." That writ having become functus officio, it became necessary to issue another writ, in order to seize the interest of Gutierrez in the succession of his father; and it was under this second writ that the seizure was levied. On the day before the expiration of the seventy days prescribed by article 642 of the Code of Practice, the sheriff, without releasing the seizure, returned the writ to the clerk of court and obtained a certified copy of the writ, as required by the article of the Code of Practice. The certified copy of the writ is yet in the sheriff's possession, and, according to the article of the Code of Practice, is the sheriff's authority in law for maintaining the seizure in force. Thereafter, another writ of fieri facias was issued, and under it the sheriff seized a claim which Norwin H. Gutierrez was supposed to have against a private corporation; but further execution of the writ was stopped by a moratorium order which Gutierrez obtained from the moratorium commission. Thereafter, the fourth writ of fieri facias was issued, and under it the widow and the son, Manuel, and the three daughters, of the deceased Manuel Gutierrez Pena, were

made garnishees. In answer to the interrogatories propounded to them, they denied that there was any indebtedness to Norwin H. Gutierrez. The answers of the garnishees were promptly traversed; and the rule to traverse is yet pending and undecided in the civil district court. We are not concerned with the validity of any of the four writs that were issued, or with the validity of the seizure made under any of them, except the second writ, and the seizure made thereunder, of the right, title, and interest of Norwin H. Gutierrez in the succession of his father. The sheriff's returning of the first writ "not satisfied" made it not only lawful but necessary for another writ to be issued, in order for the sheriff to make a valid seizure. It may be that the third writ and the fourth writ would have been deemed invalid if Norwin H. Gutierrez had sought to enjoin the attempt to execute them, on the ground that the second writ was outstanding; but that would not have affected the validity of the second writ, or of the seizure made under it. Hudson v. Dangerfield, 2 La. 63, 20 Am.Dec. 297; Marine Bank & Trust Co. v. Shaffer, 166 La. 164, 116 So. 838.

Referring now to the failure of Barranger to compel the sheriff to proceed with the execution of the second writ of fieri facias, by advertising and selling whatever interest Norwin H. Gutierrez might have had in the succession of his father, it appears that the delay in that respect was justified by Barranger's striving, in the meantime, to ascertain what interest, if any, Norwin H. Gutierrez had in the succession of his father. It was necessary to have an appraisement of the supposed

interest which was seized, and, to that end, it was proper to ascertain, if possible, the extent or value of the interest of Norwin H. Gutierrez in the succession of his father. For the most part, however, the withholding of further execution of the writ of fieri facias was caused by the moratorium order which Gutierrez secured. We do not know of any authority for the proposition that a seizure lapses, or becomes invalid, if the sheriff, under instructions from the seizing creditor, withholds the selling of the property, especially during a period for which there is a good reason for withholding the sale.

■ The only remaining ground on which the appellees ask for a dismissal of the appeal is that the appellant was informed by judicial proceedings, more than a year before the judgments appealed from were rendered, and did not contest the truth of the information, that Norwin H. Gutierrez had no interest in the succession of his father. That has reference to the answers given by the administrator, Manuel E. Gutierrez, to the interrogatories which were propounded to him at the time of the seizure. It is contended by the appellees that Barranger, by his silence, acquiesced in the answers made by Manuel E. Gutierrez, and is therefore estopped to deny them. The record, however, shows that Barranger promptly obtained a rule on Manuel E. Gutierrez to traverse his answers to the interrogatories. The rule was tried and submitted to the judge in October, 1934, but the matter was never decided. It appears that the judge, at the conclusion of the arguments, expressed the opinion that the question whether Norwin H. Gutierrez had an interest in the succession of his father, and the value or extent of that interest if he had any, would be determined eventually by the final account to be rendered by the administrator, and hence should not be determined by the garnishment process. The record does not explain why the judge did not sign or render a judgment on the rule to traverse the answers of the garnishee. It is sufficient, however, to say that there was no neglect on Barranger's part, in that respect, and certainly no acquiescence in the garnishee's answers to the interrogatories.

The motion to dismiss the appeals is overruled.