CATLETT
vs.
M'DONALD.

---

## CATLETT vs. M'DONALD.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF EAST FELICIANA, THE JUDGE OF THE EIGHTH PRESIDING.

An affidavit in which the affiant says, "that all the material allegations in the petition, are true to the best of his knowledge and belief," is insufficient to support an injunction.

To sustain an injunction, the affidavit must be such as to submit the party to the penalties of perjury, if the facts sworn to appear to be untrue.

When the affidavit is insufficient, the injunction must be dissolved, even if it appears from the evidence that the party would be instantly entitled to a new one.

This suit commenced by injunction, to stop an order of seizure and sale.

The plaintiff alleges, he purchased from the defendant a lot of ground in the town of Jackson, (East Feliciana) for about twelve hundred dollars; that he paid one thousand dollars in cash, and gave his three promissory notes, payable in three equal annual instalments, from the 17th May, 1834, for the balance of the price, secured by the vendor's mortgage; and that two of said notes have become due, upon which the defendant has taken out order an of seizure and sale against the property.

He further shows, that he is the owner and holder of five notes of the defendant for one hundred dollars each, which the latter refuses to admit in payment of those sued on, although they are greater in amount. The notes are annexed to the petition, and the plaintiff prays for an injunction to restrain the order of seizure and sale; that the defendant be required to take his own notes in payment.

The plaintiff swears, " that all the material allegations in the foregoing petition, are true to the best of his knowledge and belief; and that an injunction ought to be granted."

The defendant excepted to the petition, and prayed that it be dismissed, because it does not set out a liquidated debt in compensation of the debt embraced in the order of seizure and sale.

The petition and affidavit are insufficient in law to sustain the injunction.

Upon these pleadings and issues the district judge dissolved the injunction, on the ground that the affidavit was insufficient, with twenty per cent. damages, and ten per cent. interest and costs.

The plaintiff appealed.

*Lawson*, for the plaintiff and appellant, insisted that the injunction was improperly dissolved, because the matters set out in the petition showed that the plaintiff is entitled to it. The judgment below should be reversed, and the injunction reinstated.

2. And where it appears, that an injunction was improvidently or irregularly obtained, yet it will not be dissolved, if

EASTERN DIST. from the evidence it is clear, the party would be instantly
January, 1839. entitled to a new one.    3 *Martin, N. S.*, 480, 4 *ibid.*, 499, 7
*ibid.*, 276, 8 *ibid.*, 683.

CATLETT
*vs.*
M'DONALD.

*T. L. Andrews, contra,* contended, that the affidavit was wholly insufficient to sustain the injunction, and that it must be dissolved.    He cited 5 *Louisiana Reports,* 50, 79 and 444.

*Carleton, J.,* delivered the opinion of the court.

A rehearing has been granted in this cause, and the only question now raised by the parties, turns entirely upon the sufficiency of the affidavit upon which the injunction was granted at the suit of the plaintiff.    It is as follows, viz. :

" George Catlett, being duly sworn according to law, says, that all the material allegations in the foregoing petition are true to the best of his knowledge and belief, and that an injunction ought to be granted."

The court below being of opinion, that the affidavit was insufficient, dissolved the injunction, dismissed the petition, and adjudged the plaintiff to pay twenty per cent. damages, and ten per cent. interest on the amount of the judgment enjoined with costs of suit.    The plaintiff appealed.

An affidavit in which the affiant says, that all the material allegations in the petition are true to "the best of his knowledge and belief," is insufficient to support an injunction.

To sustain an injunction, the affidavit must be such as to submit the party to the penalties of perjury if the facts sworn to appear to be untrue.

This case does not materially differ from that of " *Reboul's Heirs* vs. *Behrens et al.,*" 5 *Louisiana Reports,* 79.    There the affiant swore, that " the material facts and allegations in the said petition, are true and correct to the best of his knowledge."

The court thought the affidavit insufficient to sustain the injunction, and held, that it ought to be " such as to submit the party to the penalties of perjury, if the facts sworn to, appear to be otherwise.    He should swear to avoid these penalties, that the facts stated, as within his knowledge, are true, and those not stated as within his knowledge, he believes to be true."

The affidavit in the case before us, is equally vague and uncertain, and liable to the same objections.    It appears to us insufficient, and that the court did not err in dissolving the injunction.

But the plaintiff's counsel insists that though the injunction be improvidently or irregularly taken, it will not be dissolved if it appear from the evidence that the party will be instantly entitled to a new one, and cites 7 *Martin*, *N. S.*, 276, 3 *ibid.*, 480, 4 *ibid.*, 499, 8 *ibid.*, 684.

But as the court held in the case above cited, we are unable to say how another injunction could have issued regularly, after the dissolution of the first, on account of the insufficiency of the affidavit, until a new and sufficient one was made, which does not appear to have been the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

EASTERN DIST.
*January*, 1839.

