LE BLANC vs. DASHIELL.

LE BLANC
vs.
DASHIELL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

A party having a separate and independent right of action is under no obligation, and cannot be required to intervene or cumulate his suit with others, litigating about the same matter.

The law not only requires a statement of the facts, showing an injunction to be necessary, before it is granted, but they must be positively sworn to, so as to subject the party to the penalties of perjury, if not true.

An affidavit is not vitiated, by setting forth superfluous matters, if it be otherwise good.

Where the appellee asks to have the judgment amended, he cannot have damages for a frivolous appeal.

This suit commenced by the hypothecary action. The widow Le Blanc caused to be sold, in 1830, in the parish of Iberville, the community property existing between her and her late husband, at probate sale, when Timoleon Lesassier became the purchaser of a tract of land, with two arpents front, &c.; paying part of the price, and giving a mortgage to secure the payment of the balance. In March, 1836, Lesassier sold to Addison Dashiell, the present defendant, who assumed the payment of the debt still due, with mortgage granted thereon.

In March, 1837, there remained due on this land the sum of eighteen hundred dollars, and the plaintiff commenced her hypothecary action against the third party in possession.

Dashiell obtained an injunction. The facts upon which he relied are fully stated in the opinion of this court.

On the trial, the district judge being of opinion that the defendant had shown no sufficient ground to sustain the injunction, dissolved it with ten per cent. interest and five per cent. damages and costs, and the defendant appealed.

*Ives,* for the appellant.

*Labauve,* contra.

*Morphy, J.,* delivered the opinion of the court.

The plaintiff, in her own right, and as natural tutrix of her minor children, proceeded, by the hypothecary action,

against defendant, as third possessor of some property mort-
gaged to her by T. Lesassier, his vendor. Defendant en-
joined her proceedings on the following grounds, to wit :

1. That T. Lesassier, his vendor, had already obtained a judgment against him for the same debt ; that by intervening in Lesassier's suit against him, as she was advised to do by Lesassier's counsel, she could have had the benefit of said judgment, without subjecting defendant to the hardship, trouble and costs of two distinct suits, and the danger of paying twice the same debt.

2. That, in defendant's opinion, plaintiff was not legally qualified as tutrix of her minor children, to institute those proceedings.

3. That, as third possessor, he has not had the notice required by law, of the demand made on the principal debtor, Lesassier.

4. That the petition and affidavit, on which the order of seizure and sale issued, are insufficient, inasmuch as they do not set forth that ten days notice had been given to defendant, previous to the inception of these proceedings, of the demand made on Lesassier, thirty days before.

I. Plaintiff having a separate and independent right of action, was under no obligation whatever of thrusting himself in the midst of the heated and protracted litigation then and still going on between defendant and Lesassier ; to have done so, when her remedy was a plain, simple and prompt one, would have been, to say the least of it, a very injudicious act ; having then pursued her own rights, in her own way, she has occasioned no hardship to defendant, who could have saved the additional trouble and costs he complains of, by satisfying plaintiff's just claim on the property in his possession. As to the fear of paying twice the same debt, if seriously entertained, the defendant has thus far avoided that danger by not paying at all.

> A party having a separate and independent right of action, is under no obligation, and cannot be required to intervene or cumulate his suit with others litigating about the same matter.

II. An injunction would be indeed a very safe and convenient proceeding for the use of debtors, if it could be obtained on the mere expression of their opinions, as to the rights of their creditor. The law not only requires the statement of

> The law not only requires a statement of facts, showing an injunction to be necessary be-

fore it is grant-
ed, but they
must be posi-
tively sworn to,
so as to subject
the party to the
penalties of per-
jury, if not true.

An affidavit is
not vitiated by
setting forth su-
perfluous mat-
ters, if it be
otherwise good.

Where the ap-
pellee asks to
have the judg-
ment amended,
he cannot have
damages as for a
frivolous appeal.

facts showing that remedy to be necessary, but also such an affidavit as will submit the party to the penalties of perjury, if the facts sworn to appear to be otherwise ; and it must be confessed, that it would be a difficult matter to prove defendant's opinion to have been different from that expressed and sworn to by him, in his petition for an injunction.

III. The evidence shows that plaintiff, in injunction, received more than ten days notice of the demand made on the principal debtor, before any proceedings were had against him.

IV. The affidavit of plaintiff is drawn up in strict accordance with article 70, of the Code of Practice ; if it varies from it, it is only in setting forth superfluous matters.

The court below very properly dissolved the injunction, but awarded only five per cent. damages. The appellee prays that the judgment be so amended as to allow twenty per cent. damages, instead of five, and one hundred and fifteen dollars for special damages. He moreover prays for ten per cent. damages, as on a frivolous appeal, independent of ten per cent. interest on the debt. The appellee cannot expect us to grant all that she asks. It would be indemnifying her beyond all measure of any loss or inconvenience she may have sustained, and turning into a piece of good fortune for her, the remedy resorted to by the defendant. At all events, as she has availed herself of this appeal to have the judgment below amended, she cannot obtain damages from the appellant, who has afforded her the opportunity of gaining by the appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs, as to the dissolution of the injunction ; and that, in addition to the ten per cent. interest and five per cent. damages on the amount of the debt, there be judgment for five per cent. more damages, and for one hundred and fifteen dollars, amount of special damages proved on the trial.