DASHIELL *vs.* LESASSIER.

EASTERN DIST.
*March,* 1840.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND DISTRICT PRESIDING.

DASHIELL
*vs.*
LESASSIER.
15L 101
108 212

The act of 1831, section 3, allowing interest and damages on the dissolution of an injunction, does not apply to an opposition and injunction to stay an order of seizure and sale.

The plaintiff in an opposition and injunction against an order of seizure and sale, may *discontinue* his suit, without being required to pay either special or other damages, as it is only incidental to the hypothecary action ; and he gives no security bond.

In this case Luke Lesassier obtained an order of seizure and sale against property in the possession of A. Dashiell, who had purchased it from T. Lesassier, the tutor of Luke, who claimed to have a mortgage resulting from the tutorship.

Dashiell, the third possessor, made opposition, and obtained an injunction against the order of seizure, and after Lesassier had joined issue, moved the court to dismiss his injunction, as in case of non-suit, which was opposed by the defendant's counsel, on the ground that he had filed his answer, and set up a reconventional demand. The defendant also prayed for damages under the act of 1831, relating to interest and damages on the dissolution of injunctions.

The district judge was of opinion the act of 1831 did not apply to cases like this; that no security or bond was given, and that no damages, either general or special, could be allowed. The plaintiff was permitted *to discontinue his* opposition and injunction, without being required to pay damages. The defendant appealed.

*Winchester* and *Ives,* for the plaintiff.

*Labauve,* contra.

*Simon, J.,* delivered the opinion of the court.

On the 15th of April, 1839, the defendant obtained an order of seizure and sale against the plaintiff as third posses-

EASTERN DIST.
March, 1840.
⎯⎯⎯⎯⎯
DASHIELL
vs.
LESASSIER.

sor of certain real property and slaves, formerly owned by T. Lesassier, his tutor, and subject to his legal and tacit mortgage. The rights of the defendant, as a minor, having been liquidated, he recovered, on account thereof, out of the sale of the principal debtor's property, a sum of three thousand five hundred and one dollars, leaving due a balance of fourteen thousand one hundred and fifty-one dollars, with interest. The plaintiff in this suit, on the 30th of April, 1839, made opposition to the issuing of said order of seizure and sale, under articles 739 and 740, of the Code of Practice, on the ground that the alleged mortgage had been extinguished by transaction and novation, and obtained an injunction to stay the proceedings. The district judge, in granting the order of injunction, dispensed the plaintiff with giving the bond and security required in ordinary cases of injunction. Defendant joined issue on the allegations contained in the third possessor's petition, and prayed that the injunction be dissolved, and that interest and damages be allowed him according to the 3d section of the act of 1831.

On the same day that the answer was filed, (1st of May, 1839,) the plaintiff moved the court for leave to dismiss the injunction, as in case of non-suit, and defendant contended that this could not be done, as he had previously filed his answer with a reconventional demand, and that he was entitled to a trial. The injunction had its effect only for one day.

The district judge was of opinion that the injunction should be dismissed, and refused to allow the defendant the interest and damages by him prayed for, from which decision the defendant appealed.

The act of 1831, sec. 3, allowing interest and damages, on the dissolution of an injunction, does not apply to an opposition and injunction to stay an order of seizure and sale. We think the district judge did not err. The act of 1831, section 3, in our opinion, provides for a certain class of cases entirely distinct from the case now before this court; those cases are enumerated in the articles of the Code of Practice relative to injunctions; and in order to obtain an injunction on the grounds therein set forth, it is necessary to give a bond and security in favor of the defendant. But it is not so under the articles 739 and 740. No bond is to be required,

and the merits of the opposition are to be tried summarily. To say that interest and damages are to be allowed without proof, and as a matter of course in all cases of injunction, would, it seems to us, be going beyond the intention of the law maker, as he certainly had in contemplation cases of injunction only, in which a bond and satisfactory security are required. We think that the provisions of the law of 1831, are not applicable to this case, and that it would be mulcting the plaintiff in a heavy penalty without any law to authorize it.

EASTERN DIST.
March, 1840.

DASHIELL
vs.
LESASSIER.

We have been referred to the cases of Landry *vs.* l'Eglise, 3 *Louisiana Reports*, 219, and Catlett *vs.* M'Donald, 13 *Louisiana Reports*, 44, as being cases in point, and in which this court allowed interest and damages; but from an attentive perusal of those cases, and of the statement of the facts given by the reporter, it does not appear that the plaintiff in injunction had given no bond, and if none was given, that the question was raised.

For the same reasons we do not think that defendant can be allowed any special damages for the fee which he says he is to pay to his counsel for defending this suit; and as the present suit is only incidental to the principal hypothecary action, we are unable to perceive any reason why it should occasion him any additional expense.

The plaintiff, in an opposition and injunction against an order of seizure and sale, may *discontinue* his suit, without being required to pay either special or other damages, as it is only incidental to the hypothecary action; and he gives no security bond.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, and that the defendant and appellant pay the costs of appeal, those of the District Court to be borne by the plaintiff.