EASTERN DIST.
*April*, 1840.

                              WOODWARD *vs.* DASHIELL.

WOODWARD
*vs.*
DASHIELL.
. 15L 184|
|_47 1287|
15L 184|
e108 214
· 15 184|
e113 190|

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, FOR THE PARISH OF
IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

Where the third possessor of mortgaged property *assumes* to pay the original vendor, he becomes the immediate debtor of the latter, who may waive his rights upon his vendee, and proceed directly against the third possessor, without the notice required by the sixty-ninth article of the Code of Practice.

In computing the distance and notice of seizure to which the third possessor is entitled when he lives more than twenty miles from the residence of the judge granting the order of seizure, the ordinary road used for travelling is to be taken, although there may be a shorter one, but seldom travelled.

The want of an amicable demand is not sufficient ground to enjoin proceedings on an order of seizure and sale.

An injunction will not be dissolved, when the party is immediately entitled to a new one.

So, where an injunction was properly obtained, but it becomes necessary that it should be dissolved, the party ought not to be mulcted in damages.

This is in the nature of a hypothecary action. The plaintiff alleged that he had in vain demanded his debt from his vendee, (T. Lesassier) and that the defendant, who was in possession of the mortgaged property, had refused to pay it; he prayed for, and obtained an order of seizure and sale against the defendant, as third possessor. The latter made opposition, and obtained an injunction to stay the proceedings, on various grounds.

The facts show, that in February, 1835, the plaintiff sold eleven slaves to one Timoleon Lesassier, payable in three annual instalments, retaining the usual mortgage. In March, 1836, Lesassier sold the slaves to the defendant, who being informed of the mortgage reserved to the present plaintiff, *assumed* the payment of the second and third instalments of the original price, as they became due, and gave the usual mortgage. In April, 1838, the last instalment having be-

EASTERN DIST.
*April,* 1840.

come due and remaining unpaid, the plaintiff obtained an order of seizure and sale, according to the sixty-ninth and seventieth articles of the Code of Practice.

The defendant, in his opposition and injunction, negatived all the facts and grounds upon which the order of seizure and sale issued, and expressly charged that he had not received sufficient notice before seizure, as the judge granting it lived more than twenty miles from his residence, and that there was, he believes, no amicable demand.

The opposition was tried summarily on the answer of the plaintiff, and the injunction was dissolved, with ten per cent. interest and twenty per centum damages, and one hundred and fifty dollars special damages. The defendant, who was plaintiff in the injunction, appealed.

*R. N. and A. N. Ogden,* for the plaintiff and appellee, insisted on the affirmance of the judgment.

*Ives, contra,* urged that the injunction was. properly obtained; that there was not sufficient notice given before seizure; nor was there any amicable demand. The injunction having been rightfully obtained, could not be dissolved; and, particularly, no damages could be allowed.

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment dissolving an injunction which he had obtained to stay the proceedings on an order of seizure and sale. He was in possession under a sale from the mortgage debtor, the vendee of the plaintiff; in which he assumed the payment of the mortgaged debt to the plaintiff. The injunction was obtained on the following grounds:

1. That no notice had been given to the defendant of a demand on his vendor, the original debtor, and of his neglect to pay.

2. That he was entitled to more than three days notice, before seizure, because his residence was more than twenty miles from that of the judge who granted the order.

EASTERN DIST.
*April*, 1840.

WOODWARD
*vs.*
DASHIELL.

Where the third possessor of mortgaged property *assumes* to pay the original vendor, he becomes the immediate debtor of the latter, who may waive his rights upon his vendee, and proceed directly against the third possessor without the notice required by the 69th article of the Code of Practice.

In computing the distance and notice of seizure to which the third possessor is entitled when he lives more than twenty miles from the residence of the judge granting the order of seizure, the *ordinary road used for travelling* is to be taken, although there may be a shorter one, but seldom travelled.

The want of an amicable demand is not sufficient ground to enjoin proceedings on an order of seizure and sale.

3. It is not stated in the plaintiff's petition and affidavit, that ten days notice had been given to the defendant previous to the institution of suit, of the non-payment of the debt by the original debtor.

4. That he thinks no amicable demand, as is required by law, was ever made on the original debtor.

I. It is true that the defendant was a third possessor of the mortgaged property; but it is also true that he was the immediate debtor of the present plaintiff, whose vendee had stipulated in his act of sale to the defendant, that the latter should pay his mortgaged debt to the plaintiff, whose right to have the property sold did not depend on the knowledge of the defendant that his vendee had failed to pay. The assumption of the defendant rendered him the immediate debtor of the plaintiff, who, whatever might be his rights against his vendee, was not compelled to exercise them before he resorted to the defendant. The plaintiff might have had at once an order of seizure and sale; and the defendant cannot complain that by a resort to the hypothecary action, he has been enabled to withhold, for a longer period, what he owes to the plaintiff.

II. It is shown by the evidence, that by the ordinary road, the distance between the residence of the defendant and that of the judge who granted the order of seizure and sale, is about twenty-four miles, but that through a cut-off the distance is only eighteen miles. We are of opinion that the distance should be computed by the ordinary road, especially as it appears the cut-off is at times impassable. The notice of seizure was, therefore, too short by one day.

III. The remarks which have been made on the first ground taken in the defence, are equally applicable to this one.

IV. The defendant does not deny that an amicable demand was made on the original debtor before coming on him, but only *thinks* it was not. He cannot be relieved without proof of the facts on which his claim rests. The want of an amicable demand may entitle the party to an exemption from costs, but is not sufficient ground on which to enjoin the proceedings on an order of seizure and sale.

If the untimely seizure was absolutely void, the sheriff may be bound to restore the property thus irregularly seized, and to make a new seizure immediately. The damages to which the party may be entitled for the illegal seizure, must be sought in a direct action. All the proceedings in this case, anterior to the seizure, were correct, and are not vitiated by its being prematurely made.

<span style="float:right">EASTERN DIST.<br>*April*, 1840.<br><br>WOODWARD<br>*vs.*<br>DASHIELL.</span>

The judge *a quo* correctly dissolved the injunction, as the plaintiff was entitled to a new seizure if necessary, and all the ulterior proceedings thereon.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.