Howell, J.
Win. G-. Harrsion, as owner and holder of several promissory notes, made by R. O. Ricard, to the order of and endorsed by the plaintiff, his mother, and secured by special mortgage on her plantation, instituted executory proceedings against said property, which plaintiff enjoined in this action. Said notes were given in part payment of a large property, purchased by said P. G. Ricard, and in the act of sale the plaintiff intervened, and, in order to give additional security for the payment of said notes, specially mortgaged and hypothecated, “in favor of Wm. G. Harrison, in his capacity of testamentary executor of the succession of S. T. Harrison, w’ho accepts the said mortgage, or in favor of any holder or holders of the said promissory notes,” the landed property fully described in said act and belonging to plaintiff. The injunction is based upon various matters, which will bo considered in the order adopted in the brief of counsel.
1. The non-observance of the forms of the hypothecary action, such as notice to the principal debtor.
The plaintiff cannot be' viewed as a third person, coming into possession of mortgaged property, but as the principal obligor in the act of mortgage, which it was competent for her, under Article 3262 O. 0., to execute, and she is therefore not entitled to the notice and other requisites in the hypothecary action proper.
2. The plea of discussion and the deposit of the money to defray the costs of discussion.
This plea, like the preceding, is erroneously based on the assumption that plaintiff is a third possessor. But if she were such, the plea would not avail her, as the exception of discussion cannot be opposed to creditors who have a privilege or special mortgage on tlio property found within the possession of a third person. O. O. 33G7. O. P. 73.
3. That the mortgage granted by plaintiff is null, on the grounds of error, fraud and intimidation.
The reoord does not sustain this defense,
*182 There is no evidence of any artifices or improper practices on the part of defendant to induce the plaintiff to become the seenrity .and mortgage lior property in behalf of her son. On the contrary, it is evident that it was voluntary on the part of mother and son, who are shown to have been much pleased with the purchase and the terms and conditions. It was the son, the principal obligor'in the purchase, not defendant, who procured plaintiff as his security. The maxim, volenti, non Jit injuria, applies appropriately.
1. That the defendant had no right to sue in his own name to collect the notes in question ; that ho is not a holder in good faith, but that said notes belonged to the minor heirs of S. T. Harrison, deceased, and defendant is not their legal representative.
The notes are negotiable in form and endorsed in blank by plaintiff, and they became thereby payable to any holder, who, though an agent or executor, could sue in his own name. Hen. Dig. p. 180, No. 5, 2 A. 37(>. The fact that a third person is really the owner of the notes, is unimportant, except to enable the defendant in the suit enjoined, and plaintiff in this, to show an equitable defense against the trite owner, which she had an opportunity to establish. The judgment on those notes against her, in favor of defendant, will be res judicata against any one who might afterwards claim an interest in the notes. 18 L. 02. There is nothing to impeach the defendant’s good faith as holder. The evidence introduced by plaintiff herself shows that ho has been discharged by the District Court as executor, and recognized as the guardian, duly appointed in Maryland, of the minors and the agent of the legatees, under the will of >S. T. Harrison, deceased, and, as such, put in possession of the funds of the estate; And whether he, or those minors and legatees are the owners, is, inlaw, immaterial lo plaintiff, if she. has no equities against the. true owner.
The plaintiff does not complain of the want of authentic evidence to sustain the order of seizure and sale, but. that plain tiff is not the owner of the evidence on which it issued.
The injunction in this case was granted under Art. 789 O. P., without giving bond, and it has been hold that damages, under the act of 1831, cannot bo allowed on dissolving tlio injunction, as in other cases. 15 La. 101.
It is therefore, ordered, that the portion of tlio judgment allowing damages be reversed, and that, in other respects, it be affirmed, reserving to defendant, his right, if any ho has, to recover damages in another action.
It is further ordered, that plaintiff pay costs of the lower Court and defendant those of appeal.