## No. 14,309.

JOSEPH C. SPEYRER VS. FELIX MILLER, CONSTABLE, ET AL.

### SYLLABUS.

1. Where a homestead is seized and the seizure is enjoined, the matter in dispute in the injunction suit is the homestead, and not the amount of the judgment sought to be executed; and the injunction suit must be filed in another court than that of the seizure if the latter court has not jurisdiction *ratione materiae*.

2. Where the land and movables claimed as homestead are seized in a Justice of the Peace Court and an injunction is sued out in the District Court, the movables may be included in the injunction notwithstanding that the Justice of the Peace Court would have jurisdiction as to them.

3. An affidavit for injunction in these words: "I swear that all the facts contained in the foregoing petition are true," is sufficient.

4. Where the amount in which bond should be given has not been fixed by the judge the injunction must be dissolved; and cannot be saved by invocation of the doctrine that an injunction will not be dissolved where it appears that another writ could be sued out immediately.

5. The practice of including in one injunction several separate seizures made by creditors between whom there is no privity, is not to be encouraged, and can be sanctioned only in highly exceptional cases, where evidently no inconvenience can be occasioned to the defendants in injunction and no complication can possibly arise.

6. An order requiring a bond to be given in favor of each of the defendants is not complied with by giving bond in favor of the defendants jointly.

7. Statutory damages on the dissolution of an injunction will not be allowed where, the merits not having been gone into, the court cannot say that the equitable remedy of injunction has been abused.

APPEAL from the Sixteenth Judicial District, Parish of St. Landry—*Lewis, J.*

*Charles Frederick Garland,* for Plaintiff, Appellee.

*William J. Sandoz,* for Defendant, Appellant.

The opinion of the court was delivered by

PROVOSTY, J. Three of the creditors of the plaintiff, Joseph Speyrer, obtained judgment against him in the Justice of the Peace Court, and caused execution to issue against him and his property to be seized. Between these creditors there existed no privity of interest; the judgments and the executions were separate.

The property was already under seizure by virtue of an execution issued by the District Court, and the seizures were made on the top of this other seizure, and there was pending in the District Court an injunction suit involving the question of the liability of said property to seizure, the same being claimed to the homestead. Under these circumstances it was thought advisable to stay proceedings on the three seizures until this question of homestead should have been determined in the District Court suit, and accordingly the parties entered into an agreement to that effect, and in pursuance of this agreement proceedings were stayed on the three seizures. And so matters remained until the termination of the District Court suit, when the constable proceeded to advertise the property for sale without renewing his notice to the seized debtor that he would so proceed unless the debt was paid. The District Court suit had been settled without a trial, and therefore had not determined the question of the alleged exemption of the property from seizure.

In proceeding with the three executions the constable for economy's sake consolidated the three notices of sale into one, heading it with the titles of the three suits, and announcing that the sale was being made to satisfy the three writs.

The plaintiff then went into the District Court and sued out the present injunction.

The grounds of injunction are, first, that at the time of the advertisement the writs in the constable's hands had expired; second, that plaintiff "has never been notified of the advertisement of his said properties for sale, nor of the contemplated date of the sale thereof, nor has he been notified to appoint an appraiser on a date fixed to meet the appraiser to be selected by the plaintiffs to appraise his property before the sale thereof"; third, that the property is exempt from seizure under the homestead law; except the roan horse, the buggy and the cow Betsey, which are exempt because not belonging to the plaintiff, but to his children.

The constable and all the creditors in the seizure were made defendants.

They excepted that the District Court could not enjoin the process of the justice court. This exception was overruled as to the immovables and sustained as to the movables.

Defendants then further excepted on the grounds, that the affidavit

was insufficient; that the order granting the injunction does not fix the amount of the bond to be furnished; that there was a misjoinder of parties; and that the bond is a joint one and does not name the amount of the obligation of the plaintiff and his surety towards each of the three defendants. They prayed the dissolution of the writ with statutory damages.

These exceptions having been overruled, the defendants answered to the merits; pleading, first, that in view of the fact that the proceedings under the writs were stayed in pursuance of an agreement with plaintiff, the latter is estopped from taking advantage of the expiration of the writs; second, "that the stay of execution granted by the District Court in plaintiff's suit against Berkson Bros. operated a stay of execution of other executions until the determination of said injunction suit; third, that plaintiff was served with all legal notices required by law; fourth, that "the only legitimate manner of legally testing the value of the homestead claimed by this plaintiff is as provided under Article 244 of the Constitution of Louisiana for the year 1898, to-wit: that the property must be offered for sale by the executive officer under due process of law, when it shall not be sold unless the sale thereof realizes more than the sum of $2000, in which case the beneficiary shall be entitled to that amount; respondents declare that a sale of said property will realize more than the sum of $2000."

They prayed the dissolution of the writ with $50 damages as attorney's fees.

The court made the injunction peremptory, basing its judgment on the want of notice, and abstaining from passing on the question of homestead.

Under this state of the facts and the pleadings the first question coming up for examination is the exception to the jurisdiction.

The rule is that one court cannot enjoin the process of another, and in this state that rule has matured into statute law. C. P. 629, 617; State *ex rel.* vs. Livaudais, 39 Ann. 984; Arthurs vs. Sheriff, 43 Ann. 414.

An exception to the rule is recognized where the property of a third person is seized and the value of the property exceeds the limits of the jurisdiction of the seizure court as prescribed by the constitution. In such a case the only question that can be raised is that of the ownership of the property seized; and the value of the property tests the

jurisdiction of the court, and the claimant must go into the court having jurisdiction according to amount. Parent vs. Cross, 26th Ann. 591; Munday vs. Lyons, 35th Ann. 990; Bruneau vs. Haughton, 16th Ann. 47; Gayarre vs. Hays, 21st Ann. 307; Testard vs. Belot, 31st Ann. 795.

Even as to the defendant in execution an exception is admitted in cases where the execution comes from another parish. Lawes vs. Chinn, 4 N. S. 388. The defendant may in such cases apply for relief to the courts of his own parish. This exception had its origin early in our jurisprudence, at a time when the means of communication were so imperfect and slow that to confine the defendant to the court of the execution for relief would have operated a denial of justice in many cases, as he would not have had time to reach that court. Founded in necessity, or supposed necessity, the exception has persisted to these days of rapid communication, when the necessity has long ago ceased. Police Jury vs. Michel, 4 Ann. 84; Hopgood vs. Brown, 2 Ann. 323; Arthurs vs. Sheriff, 43 Ann. 414.

The rule against one court enjoining the process of another is not, then, without exceptions; and the present inquiry is whether another exception should not be recognized in the case of a homesteader seeking to rescue from the clutches of a seizure his homestead of a value either going above or falling below the limits of the jurisdiction of the seizure court.

The solution of the question depends upon the ascertainment of what is, in such a case, the matter in litigation. The matter in dispute being ascertained, the question solves itself; for no court can entertain jurisdiction of a matter whose value either falls below or goes above the limits of its jurisdiction as prescribed by the constitution. To say otherwise would be to say that a mere rule of general jurisprudence, or an article of the Code of Practice, can stay the operation of the provisions of the constitution prescribing the limits of the jurisdiction of the several courts of the State.

Where, then, a person enjoins the seizure and sale of property as being his homestead, what is the matter in dispute? To put the question more pointedly, in such a case, is the matter in dispute the amount of the judgment sought to be executed, or is it the value of the property claimed as homestead?

In the case of an ordinary debtor the amount in dispute and the test

of the jurisdiction is the amount of the judgment. The reason is that all the property of a debtor must go to pay his debts, and therefore he cannot raise any issue in connection with the property separately and independently of the judgment; but he can litigate, if at all, only in connection with the judgment, to contest either its validity or the regularity of the proceedings had for its execution. No issue therefore can possibly be raised by him that will not be merely incidental to the judgment and its execution. Hence, in the case of an ordinary defendant in execution the amount of the judgment is always and inevitably the amount in dispute, and the test of the jurisdiction, no matter in what shape the litigation may frame itself.

But this reason does not hold in the case of the homesteader. While he owes the debt his homestead property is not liable for it, and every dollar of the property taken away from him by the seizure would be that much property of which he would have been deprived in violation of the rights secured to him by the constitution and laws of the State.

His homestead is a right additional to and independent of his ordinary right of ownership. It is an additional tenure by which he holds the property, and in a litigation involving the question of homestead *vel non* it is not his ordinary tenure of ownership that he is vindicating, but this special, separate, constitution-conferred tenure. In vindicating this tenure he stands towards the seizure in precisely the same attitude as the third person whose property has been seized. The property seized is not more liable to the seizure in his case than in the case of the third person. He as much as the third person raises an issue not touching the validity of the judgment or the regularity of the execution, but confined strictly to the liability of the property to the seizure. In his case, then, precisely as in the case of the third person, the value of the property ought to be the test of the jurisdiction.

Because more than an amount sufficient to satisfy the execution could not be taken out of the proceeds of the sale of the property, is not a reason why the amount of the judgment sought to be executed should be the test of the jurisdiction. No greater amount could be taken out in the case of the third person, and yet it is recognized that in his case the amount of the judgment is not the test of the jurisdiction, but that the value of the property is. Then, again, what if the property adjudged not to be homestead be sold for less than its real value, say for two-thirds of its appraisement at a first offering, or for whatever it will

bring on twelve months' credit at a second offering; will not the homesteader actually have lost the difference between the real value of the homestead and the price of the sale? If the property is worth in the neighborhood of $2000, as in this case, and it is adjudged by the Justice of the Peace not to be homestead, and is sent to sale, and brings only $1000, will not the homesteader have been deprived of $1000 of his property, even though not one cent is taken out of the price of the sale towards satisfying the execution? What if the execution is for more than $100? This is quite possible; the judgment itself might be for $100, and with the interest and costs the debt might easily be increased to $150. What if a part of the homestead sufficient in amount is seized to satisfy this debt; will not the homesteader lose this $150 if the judgment goes against him, and his property is sold?

It would seem, then, that the amount really involved in the seizure of the homestead is not that of the judgment to satisfy which the seizure is made, but that the value of the property seized; and that the value of this property ought to be the test of the jurisdiction of the court, precisely as in a case where the property of a third person is seized.

This court held differently in the case of McGinty vs. Richmond, Sheriff, 27th Ann. 606, but the reasons on which that decision is founded do not commend themselves to us. These reasons are comprised within four lines as follows:

"The value of the property sought to be sold is not to be considered. If the parish court had the jurisdiction necessary to authorize it to render a judgment, it had jurisdiction to prevent that judgment from being satisfied by the sale of the property not subject to the seizure."

The first reason, namely: "that the value of the property seized is not to be considered," is not a reason, but a decision of the case. Whether such value is to be considered, is the very question up for decision; and we have endeavored above to demonstrate the affirmative of that question.

The second reason, namely: "that if the parish court had the juri-diction necessary to authorize it to render a judgment, it had ju-tion to prevent that judgment from being satisfied by the sal erty not subject to seizure," has as an argument the defect too much. It proves that in the case of the seizure of a property the seizure court has jurisdiction to enjoin th

of the value of the property. This reason would overthrow a settled jurisprudence.

Because of this decision we have gone into the matter perhaps more elaborately than was necessary. The matter is after all a very simple one. This Justice of the Peace clearly had no jurisdiction to adjudge that this $2000 of property was not homestead, and upon the strength of such adjudication to send the property to sale. The learned judge *a quo* was right in overruling the exception.

The movables claimed as homestead were properly included in the injunction in the District Court. They and the land constituted together the homestead. Besides they were included in the one seizure and were therefore properly included in the one injunction.

Justices of the Peace have no jurisdiction of suits involving title to real estate; and it is said by plaintiff that this homestead right is a real right, and that the title to it being involved, the case involves title to real estate; and that for this reason the Justice of the Peace was wihout jurisdiction. We prefer not to pass on this point, as our doing so is not necessary to the decision of the case.

What we have here said, however, with regard to jurisdiction has no application to the movables alleged to belong to the children. As to these the Justice of the Peace had jurisdiction; and as to them the plaintiff should have addressed himself to him.

## III.

The next question is as to the sufficiency of the affidavit. It was in these words: "I swear that all the facts contained in the foregoing petition are true." This was sufficient. Hennen Dig., p. 671, No. 14.

## IV.

Next as to the bond. There was left in the order for the bond a blank space to be filled in with the amount to be fixed by the judge. This space was never filled, so that the amount in which bond should been given was never determined by the judge.

mission was fatal. The Code of Practice expressly requires as te to the issuance of an injunction that bond shall be furmount fixed by the judge. Article 307. See also Section atutes. The courts cannot dispense with what the law

has expressly prescribed as a prerequisite. This is a plain proposition.

In the case of Lemann vs. Truxillo, 32 Ann. 65, this court held that the fixing of the amount in which bond is to be given is a prerequisite, and that an omission in that regard could not be supplied or remedied by an order made after the issuance of the writ. True, that was a case of sequestration, but the principle is the same. See also Egan vs. Fush, 46th Ann. 474. Time and again have injunctions been dissolved because issued without bond or on a defective bond.

If the bond given by the plaintiff were a legal bond susceptible of enforcement against the surety thereon, perhaps there might be some ground for urging that the omission of the judge had been supplied and remedied by the giving of bond in an amount sufficient to protect defendant; but the bond in question could not be enforced. Bonds given in a judicial proceeding in obedience to or in pursuance of particular provisions of law, are not ordinary bonds, and are not governed by ordinary rules. The bondsman on such a bond is held not accordingly as he has bound himself, but accordingly as the law under which the bond was given requires that he should be held.

This is well settled in our jurisprudence. If it is a forthcoming bond given by an intervenor in a case in which such intervention and release on bond was not authorized by law, the bond is null, and the surety is not bound. Alexander vs. Silbernagel, 27th Ann. 557; see also Succession of Mossieu, 27th Ann. 324. If there was no seal on the writ of *fi. fa.* under which the property was seized, the seizure is null, and the forthcoming bond given by an intervenor is also null and cannot be enforced. King vs. Baker, 7 Ann. 570. A forthcoming bond given under an order of court authorizing the release of the property upon Boss and Andrews giving bond,—is null, if signed by Andrews alone; and cannot be enforced against Andrews and the sureties. Benham vs. Collins, 23rd Ann. 222. An appeal bond given without a legal order of appeal is null. "It has been repeatedly held," says the court, "that the liability of sureties on judicial bonds is fixed by the law which authorizes the taking of the bonds; and as no law authorized the taking of the bonds, without a previous order of appeal being obtained, it must remain inoperative." Shears vs. Bearsh, 7 Ann. 539.

These are but illustrative cases. They show, we believe, that in the absence of an order fixing the amount in which bond shall be given, there cannot be given a valid injunction bond, such as can be enforced

against the sureties. In the instant case the bond and the order under which it was given must be read together, and so reading them the bond becomes a bond for a blank amount; that is, no bond at all.

The same article of the Code of Practice which requires bond to be given requires also that the plaintiff shall "state under oath the facts which render an injunction necessary." Enforcing the same article in the matter of the affidavit, as we are now enforcing it in the matter of the bond, both of which are prerequisites to the injunction, this court has time and again dissolved injunctions because of the insufficiency of the affidavit. The following are some of the cases in which this has been done: 5 La. 52; 82; 244; 13 La. 46; 14 La. 274; 87; 1 R. 316; 4 Ann. 346; 151; 10 Ann. 114; 266; 3 Ann. 225; 446; 555; 17 La. 461; 9 R. 163; 11 Ann. 560; 12 Ann. 181; 31 Ann. 500. Though the court has heretofore allowed somewhat more latitude in the matter of the affidavit than in that of the bond.

The following are some of the cases in which injunctions have been dissolved because of some defect in the bond, or of insufficiency of the bond: Gauthier vs. Cardenal, 44 Ann. 884; Bank vs. Wilson, 19 Ann. 3; Lafon vs. Gravier, 1 N. S. 243; Peterson vs. Stewart, 6 Ann. 808; Dashiel vs. Lesassier, 15 La. 101.

The affidavit and the bond are unquestionably required by the Code to be furnished as prerequisites to the issuance of an injunction; and we fail to see whence the court would derive authority to dispense with both or either of them in any case.

But the plaintiff contends that an injunction will not be dissolved where from the face of the record or from the evidence, it appears that another writ would have to be granted immediately.

In order to make sure of the scope of that doctrine, which is a familiar one, we have taken the trouble to examine every case we could find where the doctrine had been either applied or referred to. Our research in the matter has revealed the following:—

. In Exnicios vs. Weiss, 3 N. S. 480, property was seized under executory process to satisfy the unpaid purchase price, and the seizure was enjoined by the vendee on the ground that he was in danger of eviction and could not be forced to pay the debt. On the trial it developed that the vendee had not yet been disturbed, but that he probably would be, because in another suit between other parties his vendor's title to the property had been adversely passed on.

The defendant in injunction urged that this danger of eviction had developed since the bringing of the injunction, and could not therefore justify it. The court said:—"We are of opinion that whenever a party who has an injunction shows, that he ought not to pay, and that if the injunction be dissolved, another must be granted at once, the former injunction ought not to be dissolved."

In Bushnell vs. Brown's Heirs, 4 N. S. 499, where the facts were practically the same as in Exnicios vs. Weiss, the court said:—"Proceedings on injunctions are not carried on in the formal manner in which ordinary ones are conducted, but *summarily* the strict rules of pleadings are disregarded by the court. *Semper ad eventum furtivat,* it will take that neither party be surprised or entrapped, but it disregards many obstacles to the attainment of justice. It will receive, as a ground of sustaining an injunction, that which would be sufficient to demand its instant restoration. It will not demolish to rebuild."

In Crane vs. Baillio, 7 N. S. 273, a writ of seizure and sale was enjoined on the ground that it had been obtained on insufficient evidence. The court dissolved the injunction because from the evidence on the trial it appeared that the plaintiff in the executory process would be entitled to take out a new writ at once.

In Louisiana State Insurance Co. vs. Morgan *et als.,* 8 N. S. 680, the court dissolved an injunction sued out against "a treasury execution for arrearages of taxes," remarking, as follows: "If the injunction was sustained on the technical objection, justice would require us to save the right of the State to another execution. As we do not dissolve injunctions which must necessarily be immediately issued *de novo,* we cannot perpetually enjoin a remedy which every circumstance in the case demands that the party should be immediately permitted to resort to."

In Hudson vs. Dangerfield, 2 La. 63, the court held that two executions on the same judgment could not issue simultaneously, but that in such case only the second writ was illegal; and the court took occasion to remark, as follows: "We have said we would not dissolve an injunction irregularly obtained, if it appeared from the circumstances of the case, the party on an immediate application must have a new one. Why should you perpetuate an injunction to the execution of the writ of *fi. fa.,* when it is clear the party thus enjoined has a right to proceed to a new levy by taking out an *alias* or a *pluries?*"

In Campbell vs. His Creditors, 8 La. 75, the court refused to dissolve an injunction obtained on the affidavit of an attorney in fact whose authority to make the affidavit was not shown. Said the court:— "Admitting that the facts necessary to support the application for injunction was not legally established at the judge's chambers, they were evident to the court on the motion to dissolve from the inspection of the record and from the acts and conduct of the syndic. It was evident that if the court had been of opinion, on very technical grounds, indeed, that the injunction was not properly granted, the applicant had an undoubted right to a new one on the dissolution of the former."

In Woodward vs. Dashiel, 15 La. 184, the court said:— "The injunction was dissolved, although the party who had obtained it was perhaps entitled to have it sustained, because we are of opinion the remedy was worse than the evil, as a new seizure must have been immediately issued. For this purpose and for this purpose alone the injunction was not sustained. We have often refused to dissolve injunctions when we thought the party was immediately entitled to a new one, on the dissolution of the former, and in order to avoid expense, delay and trouble. In the present case the injunction was dissolved, although it was properly obtained. In such cases the party should not be mulcted in damages, because the dissolution takes place for the sole purpose of avoiding unnecessary costs and delay in bringing the suit to a conclusion, and the party benefited thereby cannot expect us to give damages; for if we were compelled to do so, we would sustain the injunction and require him to begin anew."

In Chambliss vs. Atchison, 2 Ann. 488, the injunction was against an executory process and was maintained on grounds not set out in the petition, but which would have been available on an appeal from the order for the seizure and sale. Said the court:— "The rule laid down in L'eglise's case, if understood in the broad sense that we can in no case whatever travel out of the matters set forth in the petition, would come in direct conflict with another rule of practice, which has received the uniform assent of the bench and the bar. That rule is, that injunctions, although improvidently sued out, are never dissolved, when the facts of the case show that on the dissolution the party will immediately be entitled to that form of remedy on other grounds."

In Dorsey vs. Heirs, 4th Ann. 106, the injunction was against a writ of *fi. fa.,* and the question was whether irregularities other than

those set forth in the petition for injunction could be considered for the purpose of sustaining the injunction. Decided in the negative, the court saying:—"It is true that courts will not dissolve injunctions when the facts show that the party would be immediately entitled to resort to the same remedy. But such facts must appear on the face of the proceedings, or from evidence legally admitted under the pleadings, or received without objection."

In Lafleur vs. Mouton, 8th Ann. 489, execution issued under a judgment rendered on a forfeited recognizance, and was enjoined on the ground that the recognizance did not state the cause for which it had been taken. On trial it developed that since the suing out of the injunction the accused had surrendered and been tried and acquitted, which under the law vacated the forfeiture. Proof of this vacation was resisted on the ground that the pleadings did not authorize the admission of the evidence. Said the court:—"This is strictly true, but as we have no reason to doubt the truth of the facts alleged, and they are sufficient to authorize the injunction of the judgment, we feel bound to adhere to the rule, not to dismiss an injunction when we believe that the plaintiff would be immediately entitled to the same remedy."

In Adams vs. Lewis, 7 N. S. 406, a case of sequestration, where the objection was that the two demands of plaintiff were inconsistent, the court applied the same doctrine, saying: "It has been more than once decided in this court that writs of this description would not be set aside, if the case showed sufficient grounds for immediately reinstating them."

In Citizens' Bank vs. Crooks, 21 Ann. 324, and in Porter vs. Morere, 30 Ann. 233, the court held that when it is manifest that the plaintiff in injunction will be entitled to a new writ, if the first is dissolved, the case will be remanded to enable him to supply evidence which he has omitted to introduce.

In Ward vs. Douglas, 22 Ann. 463, the court said:—"On the merits, the view we have taken renders it unnecessary for us to notice either the exception, based on the confused and inartificial pleadings of the plaintiff, the bills of exception, or the various points made in the argument. It is now well settled that an injunction will not be dissolved, if it appears from the record that there exists good cause for an injunction." What were the faults attributed to the injunction the report of the case does not make known.

In Lewis vs. Daniels, 23rd Ann. 170, the court said:—"On the second ground that the bond is insufficient, we are not satisfied that the objections to it are tenable, but it is manifest that the plaintiffs would be entitled to renew their injunction if the present writs were dissolved. We deem it proper to follow in this case the well established usage and reject the motion."

In Dupre vs. Swafford, 25th Ann. 222, a natural tutrix sued out an injunction before having qualified. She qualified in time, however, to give the bond. Motion was made to dissolve on the ground, "that the said Maria J. Dupre is not tutrix; if she is at present she was not at the time the injunction was sued out." The court said:—"It is a sufficient answer to state that an injunction will not be set aside for irregularities, when it appears from the face of the papers that another will be issued."

In Savoie vs. Thibodeaux, 28th Ann. 169, where the bond was given for a less amount than that required by law and where the judge *a quo* had declined to dissolve the injunction, the court said:—"But in conformity with the jurisprudence of the State, he ruled that although an injunction may have been imprudently granted it will not be dissolved when it is plain from the record that the party would be entitled to the writ immediately."

In Howard vs. Simmons, 25th Ann. 670, the court said:—"While it is a general rule that petitions in injunction suits are not allowed to be amended still when events have occurred since the institution of the suit which would warrant a new injunction, there can be no good reason to refuse them to be stated in a supplemental petition. Courts abhor a multiplicity of suits, and they will not dissolve an injunction when it is apparent from the record that the party would be entitled to another. C. P. 748."

In Woolfolk vs. Woolfolk, 22nd Ann. 207, the court said:—"The judge *a quo* believing the cause for injunction to be good and sufficient, did not err in permitting additional security to be given, as another writ could have been immediately granted."

Thus it is seen that while the court has repeatedly stated the doctrine in question in terms broad enough to justify the maintenance of an injunction without bond, yet that it has thus far never applied the doctrine to a case where bond had not been given. We think that in the case of Savoie vs. Thibodeaux, 28th Ann. 169, where a bond insuffi-

cient in amount was sustained, the doctrine was carried to the utmost verge—in fact, too far—and we are not disposed to carry it any farther.

Whether the case of Campbell vs. His Creditors, 8 La. 75, where an affidavit made by an attorney-in-fact whose authority was not shown must not be considered to have been overruled by the long list of subsequent decisions holding strictly to the necessity of the affidavit,—*quaere?* The case is distinguished in Cattlet vs. McDonald, 13 La. 44, on the authority of Reboul vs. Behrens, 5 La. 79.

## IV.

As to misjoinder of defendants. The injunction is against three separate seizures, under separate executions, in satisfaction of separate judgments in favor of three different creditors between whom there was no privity. It is doubtful whether under these circumstances the exception of misjoinder of parties was not good. The law abhors a multiplicity of suits, but so it does an incongruous assemblage of litigants—possibly discordant. The practice of joining in one injunction several seizures made by different creditors is not to be encouraged, and could be tolerated only in exceptional cases. But probably the present case is of that character. The three seizures were from the same court, by the same officer, at the same time, of the same property, and were consolidated for advertisement. All the defendants are represented by the same attorney, and the issues as to all the defendants were necessarily the same; so that no possible complication could arise. At all events, this defect, if such, was of those which could be cured under the doctrine invoked above in connection with the bond.

## V.

The objection that the bond is a joint one and does not name the obligation of the plaintiff and his surety towards each of the three defendants, is well taken. Under the law and under the order of the judge the plaintiff had to give a bond in favor of each of the defendants and, as a matter of course, he could not satisfy this obligation by giving one bond in favor of the defendants jointly. The proposition will not admit of discussion. Though here again the doctrine against dissolving injunctions would probably come into play.

## VI.

We conclude that the injunction must be dissolved for want of a bond as required by law.

Not having considered the case on the merits, and therefore not having considered whether there has been or not an abuse of the equitable remedy of injunction, we cannot grant the prayer for statutory damages, and can allow only the fifty dollars claimed as attorney's fees.

It is therefore ordered, adjudged and decreed that the judgment appealed from be set aside, and that the injunction herein be dissolved, without prejudice, however, and that the plaintiff be condemned to pay to the defendants fifty dollars as damages, and be further condemned to pay costs in both courts.

BLANCHARD, J., concurs in the decree and so much of the opinion that relates to the injunction bond, and holds the same insufficient; but dissents from that part of the opinion which holds that the seized debtor may arrest the execution, as relates to the immovable claimed as a homestead, by injunction in the District Court.