## BOWLES v. STONEBRAKER et al.

### No. 736.

Municipal Court of Appeals for the
District of Columbia.

April 4, 1949.

Joseph C. Turco, of Washington, D. C., for appellant.

H. Max Ammerman, of Washington, D. C. (Louis Ottenberg, of Washington, D. C., on the brief), for appellee Stonebraker.

No appearance for appellees Terminal Storage Company of Washington and Gold Label Distributing Co., Inc.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Bowles filed a petition alleging that he was owner of a quantity of beer which had been seized by the marshal under a writ of attachment in a proceeding by Stonebraker against Gold Label Distributing Company; and that he (Bowles) was entitled to possession of the beer by reason of an assignment made to him by Gold Label Distributing Company to secure a loan of $9,500. The petition was entitled "Trial Right of Property," [1] and after notice by the marshal a hearing was had on Bowles' claim. Stonebraker opposed the claim. At the conclusion of Bowles' evidence the court found that he had failed to prove his ownership of the property. Bowles has appealed.

The only pleading in this proceeding is the petition of Bowles. His petition described the beer as consisting of 2060 cases but did not allege its value, and there was no evidence at the hearing as to its value. When this appeal was first argued we, on our own motion, raised the question whether the value of the goods involved came within the jurisdictional limit of the trial court. At a second hearing, confined to the jurisdictional question, the parties stipulated that the beer, when seized by the marshal, was appraised at $3,129.25 and that prior to the hearing in the trial court, by consent of the parties, the marshal had sold the beer for $4,350.

Although neither party contests the jurisdiction of the trial court, we cannot ignore the question. The trial court is one of limited jurisdiction and the plead-

[1] See Code 1940, §§ 15—310 and 16—318.

576

ings in that court should show that the matter involved is within its jurisdiction.[2] The trial court's jurisdiction is limited, with some exceptions not here material, to cases "in which the claimed value of personal property or the debt or damages claimed, exclusive of interest, attorneys' fees, protest fees, and costs, does not exceed the sum of $3,000."[3] There was no claimed value stated in the petition below but it is now agreed that when the case was tried the goods involved had then been converted into cash of $4,350. We think the conclusion inescapable that the proceeding below was to try title to a cash fund in excess of the court's jurisdiction.

■ It is argued by Stonebraker that because the goods were seized under her judgment for $640, that such amount, plus her costs, was the only amount involved. This would be true if only she and her judgment debtor were involved. But this proceeding is by a third party who claims title to, or at least a lien on, the whole of the goods or fund. A finding in petitioner's favor would have resulted in his obtaining the entire fund. When a third party makes claim to goods seized under an attachment on a judgment the amount involved is not the amount of the judgment but the value of the property claimed.[4]

Our conclusion is that this proceeding was an attempt to try title to personal property of a value in excess of the court's jurisdiction.

Reversed with instructions to dismiss for lack of jurisdiction.

[2] 41 Am.Jur., Pleading, § 75; 49 C.J., Pleading, § 150.

[3] Code 1940, Supp. VI, § 11—755 (a).

[4] Peyton v. Robertson, 9 Wheat. 527, 6 L.Ed. 151; Gibson v. Shufeldt, 122 U. S. 27, 30 L.Ed. 1083; Tostart v. Belot, 32 La.Ann. 603; Rhodes v. Black, 34 La. Ann. 406; Speyrer v. Miller, 108 La. 204, 32 So. 524, 61 L.R.A. 781.